### IN THE

# *Supreme Court of Errors*

#### OF THE

## STATE OF CONNECTICUT

##### IN JUNE TERM, 1818.

—❖—

PARSONS *against* ELY and PARSONS:

#### IN ERROR.

THIS was an action on the case against *Enoch Parsons,* Esq. Sheriff of *Middlesex* county, for an escape.

In the writ the plaintiffs described themselves thus: " *David Ely* and *Samuel Parsons,* both of the city and state of *New-York,* merchants in company under the firm of *Ely & Parsons.*" The defendant pleaded in abatement, first, that the plaintiffs were neither of them inhabitants of this state, and that they did not, when this writ was granted, give any security to prosecute their said action to effect, and answer all damages in case they should fail to make their plea good: secondly, that said writ was originally granted out, and returnable to the city court, at the *March* term, 1818, and that after said writ was signed by *Elijah Hubbard,* Esq. justice of the peace, the following alterations were made therein, *viz.* the term of the court to which the writ was returnable, was altered from *April* to *May;* the time of the alleged escape was altered from the 14th day of *February,* 1817, to

*A material alteration in the plaintiff's writ, as in the date or return, after it has been signed and issued, and after security to prosecute has been given, will render it abateable, if such security is necessary; aliter, if not necessary.*

*A plea in abatement, on the ground of such alteration, must be complete in itself, and* must shew, by a distinct and precise averment of facts, that security was necessary, at the time of granting the writ, and that the alteration was made under such circumstances as to avoid the security given.

the 25th day of *April;* and the date of the writ was altered from the 14th day of *February* to the 25th day of *April;* which alterations, the plea averred, were made after said writ had been signed by said justice, and without his knowledge and authority, and that no security for prosecution was given after said alterations.

The plaintiffs replied, that they did, by the recognizance of *Minor Hotchkiss,* Esq. a substantial inhabitant of this state, for the sum of 100 dollars, duly entered into before said justice, at the time when said writ was granted, give sufficient security to prosecute their action, as the law directs; and traversed the allegation in the first part of the plea, that the plaintiffs did not, when said writ was granted, give any security to prosecute, &c. To the second part of the plea the plaintiffs demurred.

The court found the issue in fact for the plaintiffs, and decided that the second ground of abatement was insufficient. Final judgment being rendered for the plaintiffs, the defendant brought the present writ of error.

*C. Whittelsey,* for the plaintiff in error, contended, 1. That the second part of the plea in abatement was sufficient. From the writ, which is part of the record, it appears, that the plaintiffs, at the time it issued, were not inhabitants of this state. Security for prosecution, then, became indispensable.(*a*) Admitting such security to have been duly given, in the first instance, the material alterations in the writ and declaration, subsequently made, avoided it, and no inhabitant of this state was liable for costs, when the process was served.

2. That the finding of the court on the first part of the plea, was inconsistent with the facts admitted in the second part, and was, therefore, bad. *Bac. Abr.* tit. *Verdict.* (T) (W). It has become a maxim in the law, that what the parties have agreed in pleading, shall be admitted, though the jury find otherwise. *Bac. Abr.* tit. *Pleas and Pleadings.*

*Staples,* for the defendants in error, insisted, 1. That the plea in abatement was insufficient, because it did not aver, that the plaintiffs in the action were not inhabitants of this state, at the time the writ was granted. *Dwight* v. *Wolcott,*

(*a*) See *Stat. Conn. tit.* 6. *c.* 1. *s.* 1.

*2 Day* 406. *Ainsworth* v. *Dyer & al.* 2 *Root* 202. It does not help the plea, that the plaintiffs describe themselves as of the city of *New-York;* because, in the first place, you cannot, in any case, help out a plea in abatement in this way, as it must be good of itself, and stand by its own strength; and in the next place, the plaintiffs, though of the city of *New-York* when the writ was drawn, might have been inhabitants of this state, when it was issued and served. Pleas in abatement are to be strictly construed, and must be certain to every intent. 1 *Chitt. Plead.* 445. *Roberts* v. *Moon,* 5 *Term Rep.* 487, 8. *Wadsworth* v. *Woodford,* 1 *Day* 28.

2. That the facts stated in the second exception being insufficient as a ground of abatement, they are of no avail as opposed (admitting them to be so) to the finding of the court on the first. On the whole record, there is still no ground of abatement. But even this topic of argument fails; for there is, in truth, no inconsistency between the finding and the allegations demurred to.

SWIFT, Ch. J. Every plea in abatement must be complete in itself, and must contain all the averments essential to shew, that the writ ought to abate. In all cases of attachment, or where the plaintiff lives out of the state, so that bonds are required by law, a material alteration, after the writ has been signed and issued, and while the bond continues necessary, will destroy the writ; for it will cease to be the writ on which the bond was taken; and to permit such an alteration might subject the person giving the bond to responsibilities that he did not contemplate. An alteration in the date, or the court to which it is returnable, is material. But in this plea there is no allegation, that the plaintiffs were not inhabitants of this state; so that it does not appear from the plea, that a bond for prosecution is necessary. The process, therefore, as appears from the plea, stands on the footing of a summons, in favour of an inhabitant of this state; and in such cases it has been the immemorial usage for magistrates to sign writs in blank, and for the parties to fill them up in any proper manner. Of course, the alteration in the writ, alleged to have been made, could not affect its validity.

I am of opinion, that there is nothing erroneous in the judgment complained of.

TRUMBULL, EDMOND, SMITH, BRAINARD and PETERS, Js. were of the same opinion.

GOULD, J. I fully concur in the opinion, that there is nothing in either of the errors assigned.

The first exception in the plea in abatement is negatived, by the finding; and there is no ground for contending, that that finding is invalidated, by the demurrer to the second. For if one plea, or head of exception, could, in any case, be aided, or the finding upon it be affected, by a demurrer to another; the rule would have no application to the present question. For there is, plainly, no inconsistency between the finding, upon the first exception, and the allegations, demurred to, in the second : the only averment, material to this point, in the second exception, being, that no security for prosecution was given, *after the alterations* in the writ : whereas, the only fact, put in issue, and found upon the first, is, that security was given, " *when the writ was granted,*" a fact, strictly consistent with the former averment. Further : The objection, that the finding upon the issue in fact is repugnant to the admission, implied in the demurrer, is founded upon the *assumption*—wholly unfounded, I think— of the legal sufficiency of the allegations demurred to. For if they were *insufficient,* as the court below adjudged them to be; they do not stand admitted upon the record, as it respects this question : insufficient matter being never confessed by a demurrer, except for the purpose of argument ; that is, for the purpose of deciding the question of its own sufficiency. Besides : the first exception, in the plea in abatement, is itself entirely defective. The allegation, regarding the residence of the plaintiffs, is only, that " they are," (*i. e.* at the time of pleading,) " neither of them, inhabitants of this state ;" not, that they *were* not such, at the time of the writ's issuing. It does not, therefore, appear, upon the record, that any bond for prosecution was, at *that* time, necessary : and if one afterwards became necessary, by a change of the residence of the plaintiffs, (and as the record stands, the fact must be taken to have been so ;) that

could have been no cause of abatement, though a good ground for a motion to the court, that security should be entered, or the plaintiffs nonsuited. Indeed, the defect in this first exception, would be material, in any plea, even the most favoured. It must be so, therefore, *a fortiori,* in a plea in abatement.

But to this it is objected, that the plaintiffs are *described, in the writ,* as being of *New-York.* That, however, can make no difference upon this point. It is but matter of description, and may have been a misdescription, which, if it had become necessary, might have been corrected by amendment. The objection may be brought to this plain test : would a plea, that the plaintiffs were *described, in the writ,* as of *New-York,* and that no security was given, have been sufficient ? This will not be pretended. The statute is not, that security shall be given, when the plaintiff is *described,* not as an inhabitant of this state ; but when he *is* not such. What is decisive of the point, then, is, that to take advantage of the fact, that the plaintiffs resided abroad, at the commencement of the suit, it was indispensably necessary for the defendant, (notwithstanding the description, given of them, in the writ,) to *plead* the fact specially, in abatement. And if it was necessary to plead the fact, at all ; it was, of course, necessary to alledge it, according to the strict rules of pleading in abatement.

As to the second exception. Alterations in writs, after the signing, and before any proceedings had upon them, occur in every day's practice ; and are attended with much convenience, without producing, I believe, any mischief. No one doubts, that blank writs, filled up, after being signed, are regular. If they are not, probably two in four, of all the writs issued in the state, are void. The only fact, here stated, which has any semblance of materiality, is that of the writ's having been altered, in its *return,* after the *recognizance for prosecution* was entered. But for aught that appears, the alteration took place, with the consent of the cognisor. If, however, it was made without his consent, and if that fact would be material ; the defendant should have alleged it. For in pleas in abatement, it is required, not only that they contain the utmost certainty, precision, and technical accuracy ; but, in general, that they even anticipate and exclude, what, according to the rules, that gov-

*Hartford,*
*June, 1818.*

ern other pleadings, it would be incumbent upon the adverse party, to reply.

I am clearly of opinion, that the judgment ought to be affirmed.

HOSMER and CHAPMAN, Js. gave no opinion, the former being related to one of the parties, and the latter not having heard the arguments of counsel.

Judgment affirmed.