EDMUND GOULD vs. EDWARD H. SMITH.

A plea in abatement of a writ, on the ground of a material variance between the copy left in service and the original, alleged that the writ was no otherwise served than by leaving a pretended copy of the same with the defendant. Held, that a direct averment that the writ was not served by reading was not necessary.

The plea alleged that " there was and is a material variance between said pretended copy so left in service and the original writ and declaration, in this, that in said original writ and declaration, between the words ' fourth Tuesday of

Gould *v.* Smith.

January' and the words 'then and there to answer' were the figures '1861,' while in said pretended copy between the same words were the figures '1860, and the figures 1861 and any words indicating the same thing were entirely omitted in said pretended copy, which figures so omitted were a material part of said writ and declaration." Held, that it sufficiently appeared from the plea that the variance was a material one. [Sanford, J., dissenting.]

The above plea was copied substantially from a form given in Swift's Digest, and the court was influenced in sustaining it by the practice of using that form.

Book Debt. The defendant filed the following plea in abatement.

And the defendant comes into court, and prays judgment of the plaintiff's writ and declaration, and says that the same ought to abate, because he says the same was no otherwise served than by leaving a pretended copy of the same with him, the defendant, by the officer who undertook to serve the same, and that there was, when said pretended copy was so left in service as aforesaid, and still is, a material variance between said pretended copy and said original writ and declaration, in this, to wit, that in said original writ and declaration, between the words " fourth Tuesday of January " and the words " then and there to answer," were the figures " 1861," while in the said pretended copy of said writ and declaration between the same words were the figures " 1860," and the figures 1861 and any words indicating the same thing were entirely omitted in said pretended copy, and were not contained in the same, which figures so omitted were a material part of said writ and declaration, and this he is ready to verify; wherefore he prays judgment thereof, and that the same may abate and be dismissed.

The plaintiff demurred to the plea. The superior court held it sufficient and rendered judgment for the defendant, upon which the plaintiff filed a motion in error and brought the record before this court for revision. The error assigned sufficiently appears from the opinion of the court.

*E. W. Seymour,* for the plaintiff, cited 1 Swift Dig., 611; *Parsons* v. *Ely,* 2 Conn., 377; *Clark* v. *Warner,* 6 id., 355; *Beach* v. *Baldwin,* 9 id., 476; *Pearson* v. *French,* 9 Verm., 349; *Slayter* v. *Chester,* 4 Mass., 478; *Haywood* v. *Chesney,*

13 Wend., 495; *Wadsworth* v. *Woodford*, 1 Day, 28; 1 Chitty Pl., 445; Gould's Pl., ch. 3, §§ 57, 58.

*Barbour*, for the defendant, cited 1 Swift Dig., 611; 2 id., 622; *Colburn* v. *Tolles*, 13 Conn., 527.

HINMAN, J. The question in this cause respects the sufficiency of the defendant's plea in abatement on the ground of the defective service of the process by reason of a material variance between the copy left in service and the original. The plea is drawn in accordance with the form given by Judge Swift for this cause, and we suppose it to be the usual form which has been adopted in practice in this state and very generally used without objection or any question having been made in regard to its correctness. Still, when the plea is tested by the rule requiring the greatest accuracy and precision in pleas of this description, making them certain to every intent, and showing upon their face, and without reference to the process itself, unless indeed it is embodied in the plea, that the defect is such as demands of the court that the process should be abated, it perhaps may, upon these strict technical principles, be difficult to sustain it, because if it be assumed, as it is claimed it should be, that the allegation in the plea that the defect was material is too general, upon the strict rules of pleading, to allow of proof being given to support it, unless enough is stated on the face of the plea to show its materiality, it perhaps does not appear that this defect was material without reference to the process itself, from which alone it is said we can know that the variance was in respect to the time at which the writ was made returnable, the variance in the copy apparently making it returnable a year previous to the time to which it was in fact made returnable in the original. We know too that pleas of this sort are not entitled to indulgence. Still we think, under our practice, that this plea was correctly held to be sufficient by the superior court. The allegation that the writ was no otherwise served than by the leaving of the pretended copy with the defendant is tantamount to an allegation that it was not read to him.

Gould *v.* Smith.

Indeed we do not see that there is any more necessity of directly negating every mode in which process may be served than there is in denying that service was accepted or waived, because by such acceptance or waiver the court might regularly acquire jurisdiction of the case. We are inclined to think also that fairly construed it may be said to appear from the plea that the defect in the copy was material. It is not directly stated that the figures "1861" were intended to indicate the year when the writ was returnable, but enough appears to indicate this to be so. In substance the precise part of the writ where this mistake was made appears. The plea states that between the words "fourth Tuesday in January," and the words "then and there to answer" the figures "1861" were in the original. Now in what other part of the writ could these words and figures, connected as the plea says they were, be fairly expected to occur, except in that part which designated the term of the court to which the writ was returnable? Could any lawyer fail to see that, in the order in which they are stated to occur, they must have been intended to designate the term and time when the defendant was intended to be required to answer to the case? Assuming this to be impossible, it shows that the plea could not have misled anybody; and considering the practice to which we have referred, we think it would be requiring an unnecessary degree of technical accuracy in this plea to hold it to be defective.

We therefore find no error in the judgment of the superior court.

In this opinion STORRS, C. J. and ELLSWORTH, J., concurred; SANFORD, J., dissented.

SANFORD, J. The settled rules of law require that pleas of this character should be framed with the highest degree of technical accuracy and precision, both in form and substance. A plea in abatement being interposed, not for the purpose of trying the merits of the plaintiff's claim, but merely for the purpose of delay, is not entitled to favor.

It must be in itself complete and certain to every intent;

so certain and complete that the court can see that no answer can be made to its allegations but a denial of their truth or their sufficiency.

Indeed the pleader is bound to anticipate, and by his allegations exclude, every possible answer to his plea except a denial. And the court will look into no other part of the record for matter to sustain the plea, unless by a distinct reference to such record it is made part of the plea itself. 1 Chit. Pl., 445, 446. 1 Saund. Pl. & Ev., 3. 2 Saund. R., 209 *a*, note. Gould Pl., ch. 3, §§ 58, 59, ch. 5, § 66. 4 Bac. Ab., 51. *Parsons* v. *Ely*, 2 Conn., 377. *Peters* v. *Goodrich*, 3 id., 377. Com. Dig., *Abatement* L., 11. *Baker* v. *Gough*, Cro. Jac., 82. *Hixon* v. *Burns*, 3 T. R., 185. *Roberts* v. *Moore*, 5 id., 487.

Tested by these rules this plea seems to me clearly insufficient, because it contains no traversable allegation of facts which show that the error complained of in the copy, as constituting a variance between the copy and the original, was material. There is indeed a general averment that the figures omitted in the copy were a material part of the " writ and declaration." But from such an allegation the plea derives no aid whatever. No traverse could be taken upon such an allegation. It is but the inference or conclusion of the pleader, not a statement of the facts from which such inference or conclusion can be deduced.

Facts are to be set up in the pleadings of the parties in order that their existence may be denied, and that the court may be able to decide whether the inferences or conclusions claimed from them are legitimate or not. Here no facts are stated from which the materiality of the omitted figures can be seen.

The allegation in the plea is that the figures " 1861 " were in the original writ and declaration, between certain specified words therein; but where those words occur—whether in the writ or in the declaration, what is their connection with other parts of " the writ and declaration," or what the figures " 1861 " signify—whether they were used in the writ to designate the return day, or in the declaration for some other purpose,—we may

conjecture, and by an examination of the whole writ and declaration for ourselves we may perhaps ascertain, but this plea does not inform us. It may be that the return day was indicated only by those figures in the writ. And it may be that such return day was clearly shown, both in the original and in the copy, by other words and figures appearing in both of them alike. Suppose the writ was framed as follows: "Summon S. to appear before the superior court to be held at L. within and for L. county on the fourth Tuesday of January next after the date of this writ, viz., on the fourth Tuesday of January, 1861, then and there to answer, &c. Dated at L. the 12th day of November, A. D. 1860;" and that the copy followed the original accurately except in the substitution of the figures 1860 for 1861 between the words specified in the plea; would not the mistake in the copy be so manifest that the defendant could by no possibility be misled thereby? Even the same mistake in the original writ, if framed in the manner above suggested, would in no wise affect the validity of the process: the rule of law applicable both to the original writ and the copy being, that where matter laid under a videlicit is repugnant and contradictory to what went before, it shall be rejected as surplusage. 2 Saund. R., 291, *n*. 1; and cases there cited. It was the duty of the pleader to show by apt and precise averments that there was "in the writ and declaration" nothing which rendered the error specified in the plea harmless and unimportant—that, if the figures specified were intended to indicate the return day, the writ was not framed in the manner above suggested.

It is indeed averred that "the figures 1861, and any words indicating the *same thing*, were entirely omitted in said pretended copy," but as we are not informed what those figures in fact indicated, how is the truth of that averment to be ascertained? We might indeed conjecture where these figures could be fairly expected to occur, and hence what they were intended to indicate. And by an examination of the whole record for ourselves we might probably ascertain whether that averment is true or not, but I think we could find no authority

for resorting to either of these expedients for the purpose of sustaining a plea of this character.

I think, as was said by Lord Kenyon, Ch. J., in the case of *Roberts* v. *Moore*, 5 T. R., 488, that " the court can not hold too strict a hand over this sort of pleadings, which are calculated to defeat the justice of the case. If indeed a plea in abatement is drawn correctly the court can not deprive the defendant of the benefit of it. But if there be the least inaccuracy in it, it can not be supported."

The counsel for the defendant referred us to the revision of Swift's Digest, Vol. 2, p. 622, as containing a precedent for this plea, and to the practice of the profession as sanctioning its use. But it may be remarked that the precedent referred to differs from that found in the original edition of Swift's Digest, (see Vol. 2, p. 566,) in this, that the latter only directs that the variance shall be " *'pointed out*," without specifying how it shall be done—while in the former the particular manner of doing it is pointed out. And as to the practice, it is obviously impracticable for us to ascertain exactly how far that can with propriety be said to give sanction to the plea. But that it has not been *entirely* uniform, as well as that such a plea has never been sanctioned by an adjudication of this court, may safely be affirmed. I think the plea ought to be held insufficient, and consequently that the judgment should be reversed.