[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The defendant has filed a motion to dismiss this action for insufficiency of process pursuant to section 143(4) of the Practice Book, and claims that the copy of the complaint served was not an attested copy of the original as required by section 52-54 of the General Statutes.
The sheriff's return states that he served a true and attested copy of the original writ, summons and complaint upon the defendant by personal service. The sheriff's return is prima facie evidence of the facts contained in it, Jenkins v. Bishop Apartments, Inc.,144 Conn. 389, 3901; Plonski v. Halloran, 36 Conn. Sup. 335, 336, but those facts can be contradicted by other evidence. Cugno v. Kaelin,138 Conn. 341, 343; Plonski v. Halloran, supra 336. The copy served on the defendant has been filed with the motion to dismiss. In addition to the standard summons (form JD-CV-1) there is a three and one-half page complaint with a separate page stating the requests for relief. Pages 2 and 3 of the copy of the complaint were photocopied so that 20% of the right hand side of the pages were not printed. Five of the six paragraphs of the complaint and the notice given at the end are affected.
Where there is a material variance between the copy of the complaint left with the defendant and the original, a motion to dismiss should be granted unless the defendant is not misled by the variance or omission. Gould v. Smith, 30 Conn. 88, 91 (minor mistake by location of the year after the stated return date). A "true and attested copy of an original court document does not have to be a duplicate copy i.e., a copy exact in every respect to the original." Crossroads Development Inc. v. Planning and Zoning Commission,210 Conn. 1, 5. Moreover, a motion to dismiss should not be granted for circumstantial errors as long as there is reasonable notice to the defendant as to the contents of the writ, summons and complaint. See Hartford National Bank Trust Co. v. Tucker, 178 Conn. 472, 478
(omission of apartment number in address, which was correct as to street and building number, relying on section 52-123 of the General Statutes). In Crossroads the court expressly stated at page 5 that the extent to which any nonconformity of a copy, where compared to the original, is inadequate service prejudicial to the defendant was not before the court. That question exists here. CT Page 3051
Even though the defendant has retained an attorney to appear and defend the action, that should not be controlling on a question of prejudice, because that rewards the plaintiff for serving an incomplete complaint on the defendant. In addition, it is a question of fact whether the copy of the complaint is insufficient, whether it sufficiently apprises the defendant of the material facts, and whether to take prompt action to protect a legal interest by hiring an attorney. The defendant who retains counsel should not by that fact alone be placed in an inferior position to the defendant who does not, and a deficient complaint may also be unclear even to an attorney who appears to protect the client's rights.
The better approach is that prejudice depends upon the degree of the omission of material facts or variance from the original complaint. Detailed analysis here would serve no useful purpose. A review of the copy served on the defendant indicates that it omits too much. Some of the omissions concern material facts, and others make the remaining, incomplete statements incomprehensible even to the experienced attorney, even if the fact that this is a foreclosure can be gleaned from the complaint as a whole.
The motion to dismiss is granted.
ROBERT A. FULLER, JUDGE