The main issue submitted to the jury involved the question of whether a boy operating a "scooter" on a sidewalk in the City of Bridgeport was in a position to require a response in legal damages from the City for violation of its statutory duty with respect to highways and sidewalks.
The evidence took less than a day and I permitted the case *Page 121 
to go to the jury partly with the thought that its verdict might make final disposition of the case, and partly because I had not the opportunity (as I have had since) to thoroughly examine the legal questions involved.
I do not believe that there could have been any confusion in the minds of the jury with reference to the statutory duty of the City. However, the possible application of an ordinance of the City prohibiting the use of vehicles operated by foot, together with the Statutes of the State prohibiting similar vehicles operated by hand or foot, raises the most serious question as I view it. The difficulty besetting the plaintiff seems to be even more deep-seated than the possible application of this ordinance and statute. "The traveler upon a highway is the only person who can maintain an action for the recovery of the penalty provided by this Statute", (the Highway Statute) "and he only for an injury which is the direct result of a defect in the highway suffered by him when he was in the proper use of the highway, in relation to those conditions `naturally incident to its use and which naturally expose the traveler to danger when happening where the highway is not in a reasonably safe condition'." The injury must be caused through or by means of the defect, (104 Conn. 88)
and more important still the injury must be done to a "person passing over a highway, i.e., while in the lawful use of the way". (Bartram vs. Sharon, 71 Conn. 686.) The inquiry becomes important as to whether or not the plaintiff in this case was a traveler on the highway. If he was not, no duty was owed to him and he must necessarily take the risk upon himself. Our Supreme Court has given approval to a proposition announced in a Massachusetts case, in our Connecticut case of Wilson vs. Town of Granby (47 Conn. 74),
as follows:
 "This is the measure and extent of the obligation of towns in reference to the support and maintenance of public highways. They are not required to make preparations for the safety or convenience of those who undertake to use those ways in an unusual or extraordinary manner, involving peculiar and special peril and danger, whether it be in respect to the kind or character of animals led or driven, or the magnitude or construction of carriages used, or the bulk or weight of property transported And if any person undertakes to use or travel *Page 122 
upon a public highway in an unusual or extraordinary manner, or with animals, vehicles or freight not suitable or adapted to a way open and prepared for the public use in the common intercourse of society, and in the transaction of usual and ordinary affairs of business, he then takes every possible risk of loss and damage upon himself; and he can have no remedy against the town to recover recompense for injuries sustained, although they be the direct result of defects and imperfections in a way for which it would be responsible in case of injury to individuals in the lawful and proper use of it."
The Statute and Ordinance give force to the conclusion that I have reluctantly come to, that the plaintiff was not a traveler upon the highway. The position of a municipality, with respect to the performance of this statutory duty is heavy enough without extending that obligation to a situation which as it seems to me now, threw the risk upon the plaintiff himself.
There is a Statute permitting the passage of an ordinance allowing the use of such vehicles on the sidewalk, but it did not appear that such an ordinance existed in the City of Bridgeport.
 Motion to set aside verdict granted.