BELL AND STANTON, INC. *v.* ROBERT LAUGHLIN ET AL.

SUPERIOR COURT     FAIRFIELD COUNTY     FILE No. 128925
AT BRIDGEPORT

Memorandum filed May 31, 1967[1]

*Stuart I. Levin,* of Bridgeport, for the plaintiff.

*Saltman, Weiss, Weinstein & Elson,* of Bridgeport, specially for named defendant, and generally for defendant Elizabeth E. Laughlin.

---

[1] An appeal to the Supreme Court in this case was recently withdrawn. The subject matter of the memorandum prompts its publication now.

PALMER, J. In this action the defendant Robert Laughlin, hereinafter called the defendant, has entered a special appearance and pleads in abatement that the court has no jurisdiction as to him because he did not reside in this state at the time of commencement of suit; because he had not been a resident of this state since August 2, 1964, but has been residing in London, England, continuously since January 5, 1966; and because he does not own property in this state.

General Statutes § 52-57, as amended, provides that "process in any civil action shall be served by leaving a true and attested copy of it . . . with the defendant, or at his usual place of abode, in this state." "Unless service of process is made as the statute prescribes, the court to which it is returnable does not acquire jurisdiction." *Hyde* v. *Richard,* 145 Conn. 24, 25. The officer's return recites that on December 23, 1966, he left at the usual place of abode of Robert Laughlin a true and attested copy of the writ, summons and complaint, with his doings thereon endorsed. An officer's return is prima facie evidence of the facts stated therein. *Jenkins* v. *Bishop Apartments, Inc.,* 144 Conn. 389, 390. It may, however, be contradicted and the facts shown to be otherwise. *Cugno* v. *Kaelin,* 138 Conn. 341, 343. Accordingly, the question for determination is whether in fact service was made at the defendant's usual place of abode.

The service of process in this state was made by leaving a true and attested copy at 2077 Broadbridge Avenue in Stratford in this state. Before June of 1964 the defendant resided at that address with his wife and child. In that month he went to Ireland to work for the plaintiff and took with him all his clothing and personal items. The family furniture remained and still remains at the Broadbridge Ave-

nue address. The defendant returned to Stratford at Christmas time in 1964 and 1965, remaining for about two weeks on each occasion. In January, 1966, he made a business trip to New York, staying there for three or four days. On this occasion he did not see his wife, but he talked with her by telephone. His employment with the plaintiff terminated in June, 1966, and he thereafter continued to live in England. The defendant and his wife intend that she and their child move to England to live permanently if his financial affairs permit.

The purpose of the defendant's employment was to be the plaintiff's manager in Europe and to seek to bring in additional business in that part of the world. He lived in a hotel room in Shannon, Ireland, but he traveled extensively throughout Europe. He vacated his hotel room in Shannon when he returned to Stratford and when he traveled in Europe. In January, 1966, he moved to England in connection with his work for the plaintiff and stayed in a hotel in London. He did not bring his family to Europe at the time he started to work for the plaintiff because he did not want to uproot them until he knew the business in Europe was going to be successful.

The defendant has been a registered voter in the town of Stratford since August 29, 1959, and his listed address as a voter was and is 2077 Broadbridge Avenue. He voted by absentee ballot on November 3, 1964, and to do so he was required to apply for such a ballot. General Statutes § 9-140. He was also required to state under penalties of perjury that he was a resident of Stratford. General Statutes § 9-137. He still is a registered voter in Stratford with a voting address at 2077 Broadbridge Avenue. Stratford is required by law to make and does make annually a complete canvass of each street, avenue or road for the purpose of

ascertaining the name of any elector formerly residing on such street, avenue or road who has removed therefrom. General Statutes § 9-32. The last canvass in Stratford was made in April of 1967. If a canvasser reports a voter no longer resides at his voting address, a notice of removal is sent to his last known address. No such notice of removal has been mailed to the defendant.

Under date of December 19, 1966, which was four days before the service of process now in question, the defendant made application to the Connecticut department of motor vehicles for an operator's license, in which application his address was stated to be "2077 Broadbdg. Av." The procedure of the motor vehicles department is to mail the application with the operator's address appearing thereon, and all that is required of the applicant is to sign his name. The defendant did sign his name to an application upon which his address was stated to be "2077 Broadbdg. Av." The expiration date of defendant's operator's license is March 31, 1968.

"The habitation of a person is his abode. *Cugno* v. *Kaelin,* 138 Conn. 341, 343; 72 C.J.S. Process, § 47, n.14 and Ann. Cum. Sup. The question as to what is a man's usual place of abode is not free from doubt within the purview of the statutes, and the state decisions on this point are not in harmony. There is a great divergence of decision and thought in this connection. See 42 Am. Jur., Process, § 60; note, 62 A.L.R.2d 937; 72 C.J.S., Process, §§ 32, 47." *Capitol Light & Supply Co.* v. *Gunning Electric Co.,* 24 Conn. Sup. 324, 326. The precise issue in this case is whether the defendant had a usual place of abode at 2077 Broadbridge Avenue in Stratford on December 23, 1966, the date of service. The plaintiff's contention that he did is based on the fact that his wife and child were living at that address; that he was listed on the voting list at that address and

voted by absentee ballot on November 3, 1964, and his name was not thereafter removed from the voting list; and that he signed an application for an operator's license under date of December 19, 1966, in which application his address was stated to be 2077 Broadbridge Avenue in Stratford.

The defendant points out that he went to Ireland in June of 1964, and at the commencement of this action on December 23, 1966, he had been living in Ireland and England continuously for a period of two and one-half years, except for Christmas visits in 1964 and 1965 for periods of about two weeks on each occasion, and a short business trip to New York in January of 1966; nor did he return to Stratford after his employment with the plaintiff terminated in June of 1966. In the two and one-half years in question he has been physically present in Stratford for a total of about four weeks.

In *Booth* v. *Crockett,* 110 Utah 366, 371, the court said: "We do not mean that when a person departs from his usual place of abode temporarily for business, pleasure or cultural purposes he has ceased living at his usual place of abode. Living at a place does not mean that a person must always be there. But if the break in the continuity of his activities, which constitute living at what was his home is so marked, such as an indefinite tenure of military or any duty away from that home or a departure for a prolonged though definite term of study or where he has distinctly taken up a new station for business purposes, even though he may have his belongings at his former place of abode or keep in close correspondential touch with it, the place where he lived would not be a present usual place of abode but a former place of abode. Such a marked severance with the place at which he abided means that he no longer usually abides there."

The fact that the defendant's wife and child lived at the Stratford address, that his name was listed on the Stratford voting list at that address, and that he had a Connecticut operator's license with that address thereon are to be considered in determining where his usual place of abode was on the date in question, but in the opinion of the court in this case those facts are outweighed by his physical departure from that address for the purpose of undertaking business abroad for an indefinite period —which had continued for two and one-half years at the time of service—with no indication that any change was contemplated. This is particularly true because the defendant continued to live abroad even after the termination of his employment with the plaintiff in June, 1966, and was still living abroad at the date of the hearing on this plea in abatement.

The plea in abatement is sustained, and judgment may enter abating and dismissing this action as to the defendant Robert Laughlin with costs.