[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendants have moved to dismiss the action herein on the grounds of improper service. The defendants also move for relief from the ex parte pre-judgment attachment of real estate owned by them and located in the Town of Guilford. Service of the complaint was made upon the defendants pursuant to the provisions of General Statutes 52-59b.
The defendant's, husband and wife, are guarantors of a note on a loan from the plaintiff to FABRICATED METALS FOR ELECTRONICS ("FME"), a Connecticut corporation with a place of business in Walton, New York. Defendant Dale Brodeur is president of FME. After having done business in this state for some years, the corporation removed to Walton, New York where the defendants purchased property, registered their motor vehicles and placed a child in the Walton school system. They continued to own a house in Guilford which was put up for sale in 1989 and remains on the market. That property contains a barn in which the defendants maintain an office, with telephone, from which they conduct their operations for boarding and training horses.
The defendants maintain that, for purposes of service of process, they should be considered residents of the State of Connecticut with a "usual place of abode" at Guilford. They admit being residents of the State of New York who come to Connecticut two or three times each week on business. However, the defendants contend that the service of process made upon them pursuant to General Statutes 52-59b, the so-called "long-arm statute, was improper because, for purposes of this action, they should be held to be Connecticut residents with a usual place of abode in Guilford. If so, service upon the defendants should have been CT Page 4775 made pursuant to General Statutes 52-54 and 52-57a.
Abode service both confers jurisdiction and gives notice. Smith v. Smith, 150 Conn. 15, 20 (1962). Where a defendant can show that process was left at a place other than his usual place of abode, "the court must find that there was no service of process and that it acquired no jurisdiction over the person of the defendant which would authorize it to render a valid judgment against him." Uyen Phan v. Delgado, 41 Conn. Sup. 367, 370
(1990).
The "abode" of a person is his "habitation". Capital Light 
Supply Co. v. Gunning Electric Co., 24 Conn. Sup. 324, 326 (1963). The phrase "usual place of abode" has been defined as "the place where [the defendant] is living at the time of service", Grayson v. Wofsey, Rosen, Kweskin Kuriansky, 40 Conn. Sup. 1, 3 (1984); Plonski v. Halloran, 36 Conn. Sup. 335, 336 (1980); Cohen v. Bayne, 28 Conn. Sup. 233, 237 (1969); "the place where the defendant would most likely have knowledge of service of process", Grayson, supra, at 3; Plonski, supra, at 335; Clegg v. Bishop,105 Conn. 564, 569 (1926); "the place where a married man's family resides . . . and where he has voluntarily resided with them, as his home, and which he has never abandoned, . . . unless such residence has been, and was intended to be, temporary and for transient purposes", Grant v. Dalliber, 11 Conn. 234, 238 (1836).
The place of abode must be "usual". See, General Statutes52-57a. Thus, the duration of past or contemplated future occupation is a significant factor. 1 Stephenson, Conn. Civ. Proc. (2d Ed.) 24, p. 78.
A usual place of abode does not mean domicile. Clegg, supra, at 570. A person "may have two or more places of residence within a State, or in two or more States, and each may be a `usual place of abode.'" Clegg, supra. at 570. Further, part-time residency is sufficient for service of process. Capitol Light Supply Co.,24 Conn. Sup. at 326. See Clegg, supra. 564 (service held to be valid where defendant lived in Connecticut for part of the week during eight months of each year). Service of process at any of the usual places of abode will be valid service. Clegg, supra. at 570. "In the final analysis [however], the determination of one's usual place of abode is a question of fact and the court may consider various circumstances." Plonski, 36 Conn. Sup. at 336; Collins v. Scholz, 34 Conn. Sup. 501, 502 (App. Sess. 1976).
The court in Bell Stanton, Inc. v. Laughlin, 28 Conn. Sup. 359
(Super.Ct. 1967) (holding that the court has no jurisdiction over a defendant who has been living and working out of Connecticut for at least two years prior to service of process, and has no plans to return to Connecticut, notwithstanding the CT Page 4776 fact that defendant's wife and child still reside in Connecticut, all defendant's furniture is in Connecticut, defendant holds a Connecticut motor vehicle operator's license and is registered to vote in Connecticut, and that defendant visited his family at Christmas time) reasoned:
 "We do not mean that when a person departs from his usual place of abode temporarily for business, pleasure or cultural purposes he has ceased living at his usual place of abode. . . . But if the break in the continuity of his activities . . . is so marked, such as an indefinite tenure of military or any duty away from that home or a departure for a prolonged though definite term of study or where he has distinctly taken up a new station for business purposes, even though he may have his belongings at his former place of abode or keep in close correspondential touch with it, the place where he lived would not be a present usual place of abode but a former place of abode."
Id. at 360, 63, quoting Booth v. Crockett, 110 Utah 366, 371.
The defendants' testimony at the hearing held in support of the Motion to Dismiss leads the court to conclude that they reside in New York and maintain a usual place of abode at their home in Walton, New York. Proper service was made pursuant to the provisions of General Statutes 52-59b. Accordingly, the Motion to Dismiss, insofar as it attacks the jurisdiction of this court on the claim of improper service is denied.
The defendants' request for relief from the ex parte prejudgment attachment cannot properly be raised in a motion to dismiss. "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service of process." Conn. Practice Bk. 143 (rev'd to 1978). It is not permissible to base a motion to dismiss on grounds that have nothing to do with the court's jurisdiction. See, e.g., Zizka v. Water Pollution Control Authority, 195 Conn. 682, 687 (1985) (res judicata not properly raised in motion to dismiss); Hallas v. Windsor, 3 CSCR 120, 121
(December 21, 1987, Dorsey, J.) (issue of mootness cannot be raised in motion to dismiss). The Zizka court concluded that "[r]es judicata with respect to a jurisdictional issue does not itself raise a jurisdictional question." 195 Conn. at 687. The same can be said of defendants' request to have the prejudgment attachment dissolved. Defendants raise the issue of residency in CT Page 4777 support of their argument that the attachment was improperly granted, but do not question the court's jurisdiction with respect to that issue.
The motion to dismiss is not the proper vehicle to contest an ex parte attachment obtained pursuant to Section 52-278e of the Connecticut General Statutes, because, (1) the issue presented is not one of jurisdiction, and (2) Section 52-278e provides a method by which a defendant can dissolve or modify the attachment.
Section 52-278e(c) states as follows: "The defendant appearing in such action may move to dissolve or modify the prejudgment remedy granted pursuant to this section in which event the court shall proceed to hear and determine such motion expeditiously." (emphasis added). See, Gibbs v. Mase, 11 Conn. App. 289,293 (1987) ("[a] defendant may bring a motion for the modification of a prejudgment remedy pursuant to either of two statutes: General Statutes 52-278e, or General Statutes52-278k").
Since the defendants in the case at bar have not made a motion to dissolve, but instead have attempted to contest the attachment in their motion to dismiss, the court must deny their request for relief at this time.
THE COURT Leander C. Gray, Judge