[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
In these two actions, plaintiffs seek to recover damages for personal injuries arising from a motor vehicle collision in which one of the cars was operated by the named defendant.
Defendant moves to dismiss these actions for lack of personal jurisdiction since "abode service: was made at his mother's house, while he was allegedly living and working in Europe.
Service of process was made on December 11, 1990 at the home of defendant's mother, 92 Duck Pond Road, Litchfield, Ct. An evidentiary hearing was held on March 18, 1991, at which both sides introduced evidence.
Except as otherwise provided, process in any civil action shall be served by leaving a true and attested copy of it, including the declaration or complaint, with the defendant, or at his usual place of abode, in this state." Conn. Gen. Stat. 52-57 (a) (emphasis added). Abode service both confers jurisdiction and gives notice. Smith v. Smith, 150 Conn. 15,20 (1962). Where the defendant can show that process was left at a place other than his usual place of abode, "the court must find that there was no service of process and that it acquired no jurisdiction over the person of the defendant which would authorize it to render a valid judgment against him." Uyen Phan v. Delgado, 41 Conn. Sup. 367, 370 (1990, Hammer, J.).
"The chief purpose of the statutory requirement that service of civil process be made at the defendant's usual place CT Page 5479 of abode is to ensure actual notice to the defendant that the action is pending." Uyen Phan, 41 Conn. Sup. at 369; Clover v. Urban, 108 Conn. 13, 16 (1928); Clegg v. Bishop, 105 (Conn. 564, 569 (1926). Thus, where the defendant has received actual notice of the action against him, the statutory provisions for substituted service should be liberally construed by the court. Grayson v. Wofsey, Rosen, Kweskin Kuriansky, 40 Conn. Sup. 1,3 (1984, Jacobson, J.); Plonski v. Halloran, 36 Conn. Sup. 335,337 (Super.Ct. 1980). Actual notice "weighs heavily in favor of the plaintiff; the defendant cannot be heard to say that was prejudiced in any manner whatsoever," Plonski,36 Conn. Sup. at 337.
The sheriff's return is "prima facie evidence of the facts stated herein. . . ." Uyen Phan, 41 Conn. Sup. at 370; Hartley v. Vitiello, 113 Conn. 74, 79 (1931). The burden of proof is then on the defendant to show that service was not made at this usual place of abode. See Standard Tallow Corporation v. Jowdy, 190 Conn. 48, 53 (1983).
"Usual place of abode" has been defined as "the place where [the defendant] is living at the time of service", Grayson, 40 Conn. Sup. at 3; Plonski, 36 Conn. Sup. at 336; Cohen v. Bayne, 28 Conn. Sup. 233, 237 (C.P. 1969); "the place where the defendant would most likely have knowledge of service of process", Grayson, 40 Conn. Sup. at 3; Plonski,36 Conn. Sup. at 335; Clegg, 105 Conn. at 569; a defendant's residence", Capitol Light Supply Co. v. Gunning Electric Co., 24 Conn. Sup. 324,326 (Sup.Ct. 1963); Foye v. Foye, 8 Conn. Sup. 293,294 (Sup.Ct. 1940); "the place in which a married man's family resides . . . and where he has voluntarily resided with them, as his home, and which he has never abandoned, . . . unless such residence has been, and was intended to be, temporary and for transient purposes", Grant v. Dalliber, 11 Conn. 234, 238
(1836). The place of abode must be "usual". See Conn. Gen. Stat. 52-57 (a). Thus, the duration of past or contemplated future occupation is a significant factor. 1 Stephenson, Conn. Civ. Proc. (2d Ed.) 24, p. 78.
A usual place of abode does not mean domicile. Clegg,105 Conn. at 570. A person "may have two or more places of residence within a State, or in two or more States, and each may be a `usual place of abode.'" Clegg, 105 Conn. at 570. Further, part-time residency is sufficient for service of process. Capitol Light Supply Co., 24 Conn. Sup. at 326. See Clegg, 105 Conn. 564 (service held to be valid where defendant lived in Connecticut for part of the week during eight months of each year). Service of process at any of the usual places of abode will be valid service. Clegg,105 Conn. at 570. CT Page 5480
"In the final analysis [however], the determination of one's usual place of abode is a question of fact and the court may consider various circumstances." Plonski,36 Conn. Sup. at 336; Collins vs. Scholz, 34 Conn. Sup. 501, 502 (App. Sess. 1976). The court in Capitol Light Supply Company,24 Conn. Sup. 324, after considering the facts surrounding the service of process on the defendant at his mother's home, upheld the service as proper. The court found that the defendant, age twenty-eight and unmarried, had lived with his parents for many years, had visited them during two holidays within four months of the time he allegedly left the state, maintained that address for voting purposes, and held a current Connecticut motor vehicle operator's license with that address listed thereon. The court further found that mail was accepted at that address for the defendant and that there was no showing that he intended to abandon this home, the defendant having testified only that he worked "out of Syracuse" for a company. The court stated that a usual place of abode may be "a temporary place of habitation rather than a permanent place where one lives with the intention to remain." Id. at 326.
Abode service made at the home of defendant's sister where the defendant had once lived, even though the defendant allegedly no longer lived there and subsequently had had several other addresses, was upheld as proper in Foye,8 Conn. Sup. 293. The court gave weight to the fact that the defendant had retained the address in question as his mailing address, and that the sister had confirmed to the officer serving process that defendant lived there. Id. at 294. "The fact that the defendant changed his abode temporarily from place to place from time to time prior to the date when service was made does not necessarily militate against the retention of his residence with his sister even while he did this." Id.
Defendant's motion to dismiss was denied in Plonski,36 Conn. Sup. 335, notwithstanding that process had been left at defendant's hotel room where he was staying while temporarily in Connecticut on business. The court concluded that a hotel room could be a usual place of abode, particularly where the defendant received actual notice. Id at 337.
The court in Bell Stanton, Inc. v. Laughlin, 28 Conn. Sup. 359
(Sup.Ct. 1967), however, construed section 52-57 (a) more strictly. It found that the defendant had been living and working in Europe for at least two years prior to service of process, and had no plans to return to Connecticut. Notwithstanding the fact that defendant's wife and child still resided in Connecticut, all defendant's furniture was in Connecticut, defendant held a Connecticut motor vehicle CT Page 5481 operator's license and was registered to vote in Connecticut, and that defendant visited his family at Christmas time, the court concluded that the Connecticut address was not defendant's usual place of abode and held that the court had not acquired personal jurisdiction over the defendant. Id. at 360-62.
The court found particularly significant that the defendant continued to live in Europe even after the termination of his employment there.
In the present case, defendant Haugwitz at the evidentiary hearing introduced evidence which he would have the court accept as proof that he now resides and has purchased real property in West Germany. The documents submitted as proof thereof are not translated into English. He also submits the affidavit of Phyllis Bunnell, the Assistant Town Clerk for the Town of Litchfield, to show that he last voted by absentee ballot in 1972. Mr. Haugwitz's affidavit avers that at all times relevant he has been a resident of West Germany, owns real property there, and has no ties with Connecticut other than family, a Connecticut motor vehicle operator's license and a Connecticut mailing address from which his mail is forwarded to West Germany.
At said hearing the plaintiffs submitted the accident report signed by Mr. Haugwitz in which it is indicated that Haugwitz' address is P. O. Box 116, Litchfield, Connecticut. They also offered the testimony of the High Sheriff of Litchfield County and the Deputy Sheriff who served process upon Mr. Haugwitz, together with affidavits of said officers, indicating that prior to service the High Sheriff verified Haugwitz' voting status and mailing address in Litchfield, and the fact he resided at 92 Duck Pond Road in Litchfield, and that at the time the papers were served one Edmund Kennedy, a resident at the address in question, told the Deputy Sheriff that Mr. Haugwitz resided at his mother's home.
We find, after weighing all the circumstances that proper abode service was made on the defendant, and accordingly the motions to dismiss are denied.
WAGNER, J.