[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Rochelle Homelson for plaintiff.
Veronica A. Halpine for defendant.
This matter was set for a special hearing in Manchester on May 3, 1994 as defendant initially filed a motion for downward modification of his support order due to his being incarcerated. At the heating defendant argued in the alternative that he challenged the abode service made upon him for the initial support order and claimed that he never received notice of the initiation of an action.
Facts
The defendant signed an acknowledgment of paternity on May 3, 1991, acknowledging himself as the father of Christopher Daley. The address listed on the acknowledgment as defendant's is 48 Grove Street, Manchester, CT. An application for show cause was filed by the Attorney General's office on July 9, 1991 and served on defendant by abode service at 48 Grove Street, Manchester, CT on September 18, 1991. The server of the process indicated via a lengthy description, noted the location of the apartment and that the hallway mailbox had the name Michael Daley clearly marked on same.
Default orders were entered by FSM Keller or $54.63/week current support and $5/week to the state on its arrearage of $3176.86 as of 11/30/91 subject to adjustment.
Defendant's Exhibit 1 is a copy of the envelope sending by certified mail to defendant, a copy of the support order as it had been entered by the court on 11/4/91. The envelope shows it was sent to 48 Grove Street, Manchester, CT and returned marked CT Page 5825-A "moved, left no address." Defendant's Exhibit 2 is a copy of defendant's parole records indicating in pertinent part, his address to be 48 Grove Street, Manchester, CT for the entries dated 3/31/91, 4/13/91, 6/3/91 and 7/8/91. The entry dated 8/26/91 (approximately 3 weeks prior to service) states an address of 8991 Main Street, 2nd Floor, Manchester, CT. Defendant's Exhibit 3 is a request for review of child support due to defendant's incarceration.
Discussion
Defendant testified that while service was made on 9/18/91, he had moved out at the end of August 1991 and severed contact with his mother and brother who lived at 48 Grove Street. He also testified that he asked for his name to be remove from the mailbox.
Even though the motion before the court was for a modification, the defendant's challenge to jurisdiction is appropriate. Questions of jurisdiction over the parties can be raised at any time. "[W]henever a question of lack of jurisdiction is brought to the attention of the court, that issue must be decided before any further action is taken, and the issue of jurisdiction must be disposed of regardless of the form of the motion." Salamandra v.Kozlowski, 173 Conn. 136, 139 (1977). The burden of proof is on the defendant to prove that jurisdiction was not acquired. "An officer's return is prima facie evidence of the facts stated therein."Bell Stanton, Inc. v. Laughlin, 28 Conn. Sup. 359, 360
(1967). But it is not an irrebuttable presumption. "It may, however, be contradicted and the facts shown to be otherwise. (citation omitted) Accordingly, the question for determination is whether in fact service was made at the defendant's usual place of abode."Id. at 360. In this case on point, the court found that despite the fact that many of defendant's personal possessions remained at the served address, and that he remained on the registered voter list at that address, his verifiable physical absence from the country on that date outweighed the other evidence.
So too, in the case at hand, the statement of the server of the process is to be given significant deference. However the entry in defendant's parole records (Defendant's Exhibit 2) showing a change of address by the defendant several weeks prior to the date of service tip the scales in favor of the defendant. That move alone, however, might not be sufficient since his mother and brother remained at the address served and under normal circumstances might be expected to communicate with the defendant. CT Page 5825-B These are not normal circumstances though. The parole records also indicate that the defendant was involved in very serious criminal activities from 9/9/91 through 9/25/91 on which latter date he was admitted to the hospital as a result of gunshot wounds. It is defendant's testimony that his family severed relations with him, and that would not seem unlikely.
The fact that the state made good effort does not go far enough. This court cannot proceed without the requisite personal jurisdiction. To that end, this case is dismissed against the defendant, without prejudice to the state to bring a subsequent action against the defendant.
Forman, Family Support Magistrate