The plea in abatement alleges and the answer admits that the writ and complaint in this case was not otherwise served on the defendant than by inserting a copy under the locked front door of the usual place of abode of the defendant.
The sheriff's return further discloses that by foreign attachment he attached $10.80 in funds of the defendant in the hands or possession of The First Federal Savings Bank and afterwards on January 21, 1942, left "a true and attested copy of the original writ, summons and complaint .... at the usual place of abode" of the defendant.
Service as described having been made on January 21, 1942, defendant by his attorneys entered appearance "specially" for plea in abatement on February 3, 1942.
The sole claim advanced at the hearing on the plea is that the service was insufficient in that the process was not delivered into the hands of some responsible person at "the usual place of abode" of the defendant. *Page 366 
In support of this contention defendant's attorneys cite statute and code provisions from many states, all of which require that to complete service at the "usual place of abode" the process must be physically delivered to a person of suitable age and discretion residing in the premises.
There is no such statute in Connecticut, nor any decision of our Supreme Court which makes such requirement.
Our statute* provides three methods of service of a writ of summons: (1) by the officer reading it and the complaint accompanying it in the hearing of the defendant; (2) by leaving an attested copy thereof with him; or (3) by leaving an attested copy at his usual place of abode.
In the case at bar it is conceded that an attested copy was left "at his usual place of abode", but the court is asked to conclude that the word "at" demands also that the process be left "with" some responsible resident of the abode.
Judge Swift in his digest (1 Swift's Dig. 589) says:
"Of Process.
"This is the means of giving the defendant notice, or of compelling him to appear in court .... and is by summons and attachment.
"1. A summons, is merely giving notice to the defendant to appear at some court described in the writ, and is served by the officer's reading the writ in his hearing, or leaving an attested copy at the place of his usual abode."
From the days of Judge Swift to the present neither statute nor judicial decision in this State has incorporated any requirement that there be a delivery of the writ into the hands of some occupant of the defendant's abode.
The fundamental purpose of service is that the defendant shall have seasonable notice of the action against him and that his property has been attached. See Clegg vs. Bishop,105 Conn. 564, 569, and cases there cited.
By appearing specially defendant has of course waived no rights, has not accepted service nor submitted to the jurisdiction of the court, yet the fact that within three days after the process was left at his abode his special appearance was *Page 367 
signed and dated by his attorneys, though not actually filed in court until the return day, February 2nd, is significant evidence that he received seasonable notice of the pending action.
It would seem that the purposes of the statute were satisfied in this case.
It is true that process might occasionally be left at the usual place of abode of a defendant who was absent on a trip or vacation, his house temporarily closed and no person present to receive and forward the process.
In such situation our statutes and procedure furnish adequate remedies by way of motions to reopen or petitions for new trial when defendant can show that he did not receive notice of suit and therefore did not have opportunity to defend.
It would seem that the remedies afforded by our law sufficiently offset the possibility of prejudice to the defendant's rights and that the court is not called upon to read into the statute something that neither the Legislature nor the experience of generations has found essential.
 The plea in abatement is overruled.