UNITED STATES GUARANTEE COMPANY v.
ANDREW F. GIARELLI

SUPERIOR COURT        FAIRFIELD COUNTY        FILE No. 72915

Memorandum filed January 27, 1947.

Pullman & Comley, of Bridgeport, for the Plaintiff.

CORNELL, J. The complaint states a cause of action by plaintiff to recover from defendant the sum of $12,276.86, which is the total with interest to the date of the complaint paid by plaintiff by reason of defendant's default on a bond on which plaintiff was surety. The return of the officer who served the process is regular on its face and certifies that a true and attested copy of the writ, summons and complaint was left at defendant's "usual place of abode." Upon inquiry of such officer in open court, it developed that defendant, when the suit was

commenced, resided in a room rented by him in a local hotel and that the process was neither served upon him personally nor left in such room but handed, instead, to a clerk at the desk in the hotel lobby. This was no service at all within the conception of General Statutes, § 5469. *Clover* v. *Urban,* 108 Conn. 13, 17, and cases cited.

Counsel for the plaintiff avers in an affidavit on file that "Shortly after the date of the service of the writ, summons and complaint, the defendant called at my office and stated that he had received a copy thereof." Even if this statement be viewed as the equivalent of one to the effect that the hotel clerk within a brief period following his receipt of the process delivered it to defendant, that would not retrieve the situation. Leaving the process with the hotel clerk was as unauthorized as giving it to any other third person to transmit it to defendant. *Savings Bank* v. *Authier,* 52 Minn. 98, 100, 18 L. R. A. 498. This court under the circumstances is without jurisdiction of the defendant to render judgment against him. *Clover* v. *Urban,* supra.

For the reasons noted, the motion for judgment by default for defendant's failure to appear is denied.