ANTHONY J. PLONSKI, JR., ET AL. *v.*
JOHN J. HALLORAN

SUPERIOR COURT    JUDICIAL DISTRICT OF    FILE No. 243437
HARTFORD-NEW BRITAIN AT HARTFORD

Memorandum filed May 22, 1980

*Francis & Armentano,* for the named plaintiff.

*Nathan & Clayman,* for the defendant.

ASPELL, J.  The defendant, a former Connecticut resident now living in California, has moved to dismiss this action on the ground of insufficient service of process.  Service was allegedly made on the defendant by a deputy sheriff who left a copy of the writ, summons and complaint in the defendant's Connecticut hotel room while the defendant was in Connecticut temporarily on business.  The issue presented is whether a hotel room where the defendant was staying at the time service was made is a usual place of abode as that term is used in General Statutes § 52-57.

Section 52-57 provides in relevant part: "Except as otherwise provided, process in any civil action shall be served by leaving a true and attested copy of it, including the declaration or complaint, with the defendant, *or at his usual place of abode, in this state."*  (Emphasis added.)  It is clear that one's "usual place of abode" is in the place where he would most likely have knowledge of service of process.  *Clegg* v. *Bishop,* 105 Conn. 564, 569.  Its chief purpose is to ensure actual notice to the

defendant that the action is pending. *Smith* v. *Smith,* 150 Conn. 15, 20. The usual place of abode is generally considered to be the place where the person is living at the time of service. *Grant* v. *Dalliber,* 11 Conn. 234, 238. It is not necessarily his domicil; *Clegg* v. *Bishop,* supra, 570; and a person may have more than one usual place of abode. *Dorus* v. *Lyon,* 92 Conn. 55, 57. In the final analysis, the determination of one's usual place of abode is a question of fact and the court may consider various circumstances. *Cugno* v. *Kaelin,* 138 Conn. 341, 343.

The deputy sheriff's return states that he left a true and attested copy of the complaint at the usual place of abode of the defendant, "at the Burroughs Building, Room 156, 2nd floor of the Sheraton Tobacco Valley Inn, in the said Town of Windsor, at 4:40 p.m." The sheriff's return is prima facie evidence of the preceding facts. *Jenkins* v. *Bishop Apartments, Inc.,* 144 Conn. 389, 390. It may be contradicted, however, by facts shown to be otherwise. *Cugno* v. *Kaelin,* 138 Conn. 341, 343.

In the case at bar, the defendant has submitted an affidavit alleging that he has been a California resident since April, 1979; that he is employed by Combustion Engineering, Inc.; that he has returned to Connecticut for business purposes approximately four times in the last year; and that at the time he returned to his hotel room and found the writ, summons and complaint in question he was temporarily in Connecticut on business. The defendant concludes that because his hotel room was a temporary accommodation it could be neither his residence nor his domicil.

In *Capitol Light & Supply Co.* v. *Gunning Electric Co.,* 24 Conn. Sup. 324, the court was concerned with whether the defendant had been properly served at his usual place of abode. In resolving this

issue, the court noted that, "Connecticut decisions place great reliance upon a man's residence rather than upon his domicil." Id., 326. A residence can be a temporary place of habitation rather than a permanent place where one lives with the intention to remain. Id. The court went on to discuss various circumstances which may or may not be held to constitute one's usual place of abode. *"Where a man boards or his hotel, although not his permanent residence, may be his usual place of abode within the meaning of the statute."* (Emphasis added.) Id., 327. Although no citation follows the preceding language, it is likely that the court was referring to the case of *United States Guarantee Co.* v. *Giarelli,* 14 Conn. Sup. 400.

In *United States Guarantee Co.,* service was made upon a clerk in a hotel in which the defendant was staying. The hotel clerk gave the process to the defendant who admitted receiving it. The officer's return certified that process had been left at the defendant's usual place of abode. The court held that such service was invalid on the ground that process could have been served only by leaving it with the defendant personally *or by leaving it in his room.* Id., 400–401; see annot., "Service—Usual Place of Abode," 32 A.L.R.3d 112, 178.

In the case at bar, the fact that the defendant received actual notice of this action weighs heavily in favor of the plaintiff; the defendant cannot be heard to say that he was prejudiced in any manner whatsoever. As an exception to the general rule requiring strict construction of statutes in derogation of the common law, it has been held that provisions for substituted service should be liberally construed in those cases in which the defendant received actual notice. Annot., 32 A.L.R.3d, 112, 124–25.

The motion to dismiss is hereby denied.