[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
This action was brought in the first count against certain neighbors for damages for an alleged breach of a fiduciary duty in connection with a joint venture. The defendants, James and Barbara Ryan, two of those defendant neighbors, were served on October 8, 1990 at 355 Middletown Avenue in the Town of Wethersfield. They have moved to dismiss in that there were not residents of, nor were they domiciled in, the State of Connecticut when abode service was attempted at their former residence. They have submitted supplemental affidavits to their reply brief which state that they have notified the registrar of voters of their change in residency, and that James was employed as a medical doctor outside of Connecticut prior to leaving the state on September 29, 1990 and had established a residence outside the state with the intent of establishing it as a permanent domicile at that time with his wife. The plaintiff has filed an affidavit in opposition stating that the defendants were record owners of the premises, had Connecticut operator's licenses, were on the voter rolls of Wethersfield and their parents lived on the premises as of the date of service and to date he has seen no vacation of the premises by a moving van.
There is no substitute for "in hand" or abode service in accordance with G.S. 52-54, where jurisdiction over the person of a resident individual is sought. White-Bowman Plumbing 
Heating, Inc. v. Biofore [Biafore], 182 Conn. 14, 17. It serves the dual function of conferring jurisdiction and giving notice. Gluck v. Gluck, 181 Conn. 225, 226; Smith v. Smith, 150 Conn. 15, 20.
P.S. 143 permits the filing of affidavits with a motion to dismiss where the facts are not apparent on the record. Where the facts alleged in such affidavit disclose that no genuine issue as to a material fact exists, the motion is to be granted. Standard Tallow Corporation v. Jowdy, 190 Conn. 48, 56. Where the facts are not clear on the record, the burden is on the movant to prove the facts necessary to be alleged, and failure to put on such evidence requires the court to deny the motion. Carpenter v. Planning Zoning Commission, 176 Conn. 581, 588-9. The defendants' bald statement that employment and residence has been obtained outside the state does not remove the place of service as a "usual place of abode." Capitol Light Supply Co. v. Gunning Electric Co., 24 Conn. Sup. 324, 326. The defendants had the burden of overcoming the prima facie evidence of the facts stated in the sheriff's return, Collins v. Scholz,34 Conn. Sup. 501, 502, but calling their residence outside the state a "permanent" residence or a "domicile" does not prove that 355 Middletown Avenue is not a "usual" place of abode. Clegg v. Bishop, 105 Conn. 564, 570; Smith v. Smith, 174 Conn. 434,439; Plonski v. Halloran, 36 Conn. Sup. 335, 337. CT Page 3978
For the above reasons, the motion to dismiss is denied.
Corrigan, J.