[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS
The defendants have moved to dismiss this action to collect on four notes, all of which were executed by the defendant, James T. Metz, Jr. and the first of which was executed by the defendant, Kathleen Metz. The plaintiff claims that the notes are in default.
The sheriff's return indicates that he served the defendant, James T. Metz, Jr., in hand at 29 Mitchell Town Road, Sharon, Connecticut, on October 13, 1991, and made abode service on Kathleen Metz at that address in the presence of the co-defendant, James T. Metz, Jr.
The defendants have filed affidavits stating that they have been residents of the City and State of New York for more than two years and have filed income tax returns with these governments for 1988, 1989, and pending extension, for 1990.
Specifically, the defendants state, inter alia:
 8. The only address which can be considered our abode is our New York City address. We do receive mail at various other addresses, including Florida, Connecticut, and at least three New York addresses. However, our abode is New York City and it is the address at which we spend the majority of our time at one location.
 9. The Connecticut address at which the Plaintiff purports to have made service is owned by a New York Corporation called Huntington Kildare, Inc. We do not own any stock in that corporation. That company has numerous, diverse and extensive holdings, both in real estate and of a business nature. The Plaintiff is fully aware of these facts.
 11. Accordingly, we have virtually no contact with the State of Connecticut other than occasionally staying at the Sharon, Connecticut property at the invitation and behest of Huntington Kildare, Inc.
12. It is not the abode of either defendant. CT Page 10268
The other paragraphs of the affidavit assert that the defendants own no real or personal property in this state, except some stock pledged to the Plaintiff as collateral and a bank account with minimal balance garnished by the Plaintiff. All of the corporations listed by the Plaintiff are New York Corporations doing no business in Connecticut.
The plaintiff has filed a memorandum and offered as exhibits the several notes, which a place of execution on each designated as New Haven, Connecticut, calling for payment of the loan on demand at the Connecticut National Bank or any office thereof, with variable rate of interest at the Bank's base rate plus one percent. The plaintiff has also exhibited copies of letters addressed to the defendant, James T. Metz, at the Sharon address dated August 6, 1991 and August 10, 1991; a letter from the defendant, James T. Metz, on a letterhead for the Sharon address, dated September 24, 1991; and a return receipt for mail sent to the defendant, Kathleen Metz, at 29 Mitchell Town Road, Sharon, Connecticut, dated October 28, 1991 and signed by Kathleen Metz. In addition, the plaintiff has exhibited several cancelled checks on which James Metz was the maker, which were drawn on a bank in Lakeville and which designated the defendant's address it Sharon Post Office Box.
The defendant, James T. Metz, Jr. alone has filed a subsequent affidavit alleging that all the notes were in fact executed in New York and mailed back to Connecticut.
The court is of the opinion that even if the defendants were considered to be nonresidents of the state, this court has sufficient jurisdiction under the provisions of the personal long arm statute, General Statutes Section 52-59b, in that they have transacted business within this state by executing the series of notes in this state or at least delivering the executed notes to the plaintiff bank in Connecticut, by agreeing to repayment of the notes at any office of the plaintiff bank located within this state on demand, and by agreeing to interest determined by the plaintiff bank's — base rate. In addition, it appears from the exhibits that the defendant's were using real property in this state as a residence during the period of the note terms, receiving and transmitting mail concerning the banking transactions and possible modifications of matters relating to the notes at the Sharon address.
Service of process or the defendant, James T. Metz, Jr. in personam service at the Sharon address, which is adequate in itself to confer personal jurisdiction.
As to James T. Metz, Jr., the court has no doubt that it has subject matter and in personam jurisdiction. CT Page 10269
Service of process was not made on Kathleen Metz by the means authorized in General Statutes Section 52-59b, that is, service upon the secretary of State and mail to the defendant. In personam jurisdiction over her must be determined on the basis of the substitute service at the Sharon address.
"It is clear that one's usual place of abode is in the place where he would most likely have knowledge of service of process. Its chief purpose is to ensure actual notice to the defendant that the action is pending. The usual place of abode is generally considered to be the place where the person is living at the time of service. It is not necessarily his domicile; and a person may have more than one usual place of abode. In the final analysis, the determination of one's usual place of abode is a question of fact and the court may consider various circumstances. [Citations omitted]. Plonski v. Halloran, 36 Conn. Sup. 335-36, 420 A.2d 117
(1980).
As that case went on to indicate, Connecticut decisions place great reliance on where a person resides rather than upon domicile in determining these issues, and a residence can be a temporary place of habitation rather than a permanent place where one lives with the intention to remain. Id. at 357.
The affidavits supplied by the defendants and the exhibits supplied by the plaintiff indicate that there is an issue of fact concerning the substitute service which the defendants' affidavits do not resolve. For example, the defendants, in their affidavit, make a statement that they are residents of the State and City of New York, without indicating any specific address where they claim to reside. The defendants aver that they have filed New York State and New York City income tax returns, but so have legions of Connecticut residents who earn income in New York. The defendants make the conclusory assertion that the only address which can be considered our abode is our New York City address (an address which the defendant's elect not to disclose in their affidavits); while admitting they have a number of addresses in Florida, and in Connecticut, and at least three in New York.
On the other hand, the exhibits presented by the plaintiff indicate that the Sharon residence was the address used by the defendants during their dealings with the bank on these notes and related matters. The purported abode service was made at 29 Mitchell Town Road, Sharon, on October 13, 1991. Kathleen Metz was receiving correspondence and signing return receipts at that address on October 28, 1991 according to the plaintiff's exhibit.
"When issues of fact are necessary for a determination of the court's jurisdiction, due process requires that a trial-like CT Page 10270 hearing be held, in which an opportunity is provided to present evidence and to cross-examine adverse witnesses. . . ." Lampasona v. Jacobs, 7 Conn. App. 639, 643, 509 A.2d 1089 (1986).