[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS
The plaintiff Michael Riley commenced this action on or about December 19, 1991 to foreclose a mechanics' lien which he had placed on a condominium owned by defendant Elaine Mont'ros known as 21C Brickyard Road, Farmington, Connecticut. Plaintiff attempted to make abode service on defendant Mont'ros at this address.
The defendant Mont'ros moves to dismiss claiming that plaintiff's attempt to serve her at the Farmington, Connecticut address is ineffective since this address is not her usual place of abode.
By affidavit, the defendant Mont'ros states that she moved from Connecticut to Florida in September 1990 and in November 1990 relocated to Arizona where she is currently domiciled. "Section 52-57 of the General Statutes provides for in personum jurisdiction by substituted service at the usual place CT Page 4410 of abode of the defendant." Cohen v. Bayne, 28 Conn. Sup. 233,237 (1969). "The usual place of abode is usually considered to be the place where a person is living at the particular time when service is made." Id.
A person's usual place of abode, however, is not necessarily his domicile. Plonski v. Halloran, 36 Conn. Sup. 335,336 (1980). A person may have more than one place of abode. Id. The defendant has not stated in her affidavit that her Arizona domicile is her only place of abode. She has merely stated that Arizona is her domicile. "Connecticut decisions place great reliance upon a man's residence rather than upon his domicile. Id. at 337. Therefore, the defendant's assertion that she was not domiciled in Farmington, Connecticut is not sufficient to require the court to reach the conclusion that it does not have personal jurisdiction in this matter.
Accordingly, the motion to dismiss is denied.
WILLIAM M. SHAUGHNESSY, JR. JUDGE, SUPERIOR COURT