[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court." Zizka v. Water Pollution Control Authority 195 Conn. 682, 687, 490 A.2d 509
(1985). The court properly asserts in personam jurisdiction over a resident defendant "by leaving a true and attested copy of it, including the declaration of the complaint, with the defendant or at his usual place of abode." General Statute 52-57(a). "[A] person may have more than one usual place of abode." Plonski v. Halloran, 36 Conn. Sup. 335, 336, 420 A.2d 117 (1980). The court has noted that abode service should be liberally construed where the defendant has received actual notice. Id., 337.
 Where the jurisdictional facts are disputed, the issue of whether service was made at the defendant's usual place of abode is a factual one and the burden of proving the allegations of a defendant's motion to vacate the judgment based on the claimed invalidity of such service rests upon the moving party.
Uyen Phan v. Delgado, 41 Conn. Sup. 367, 370, ___ A.2d ___ (1990).
 The general rule putting the burden of proof on the defendant as to jurisdictional issues raised is based on the presumption of the truth of the matters stated in the officer's return. When jurisdiction is based on personal or abode service, the matters stated in the return, if true, confer jurisdiction.
Standard Tallow Corporation v. Jowdy, 190 Conn. 48, 53,459 A.2d 506 (1983).
The defendants admit the 82 White Drive was the abode of Catherine D'Agostino, but they contend that service was made upon Catherine D'Agostino's mother, and not the defendant.
This abode service was good against Catherine D'Agostino as there was service at her abode, 82 White Drive, and that in-hand service was not required.
The other defendants argue that the court lacks personal jurisdiction over them because at the time of abode service neither of these defendants lived at 82 White Drive. The CT Page 2788 defendants' motion to dismiss included the affidavit of Vincent D'Agostino which states that 82 White Drive, Hamden, is not his abode or the abode of Andrew D'Agostino and has not been for several years.
The plaintiff argues that the address listed on the mortgage applications of each defendant lists 82 White Drive, Hamden, as their present address. The plaintiff also argues that according to paragraph seven of the Note, and paragraph fourteen of the Mortgage, the defendants were to give notice of a change in address to the plaintiff. Paragraph seven of the Note: "All notices will be addressed to me at the Property Address above. Notices will be mailed to me at a different address if I give the Note Holder a notice of my different address." Paragraph fourteen of the Mortgage states: "Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender."
The Property Address in the Note and Mortgage is listed as 12-14 High Street, Waterbury. On the Residential Loan Application each defendant listed his or her address as 82 White Drive, Hamden. No where on the Note or Mortgage does it list the defendant's addresses.
"The habitation of an individual is his abode." Cugno v. Kaelin, 138 Conn. 341, 343, 84 A.2d 576 (1951), Rev. on other grounds 139 Conn. 294, 300 (1952). There is nothing to indicate that the defendants ever resided at the property. While the property may have been designated as the place for notice under the Note and Mortgage, it was never listed as a residence of the defendants and service at the property address of this action would not have been proper abode service on the defendants. The defendants do not state in the affidavit that they have ever given the plaintiff any notice of a change of their residence. The defendants also do not allege that 82 White Drive was not their residence at the time they filled out the residential loan application. The defendants have received actual notice of this action.
Abode service was properly made on all the defendants by service at 82 White Drive as this was the address listed on the residential loan application and no notice of a change of address CT Page 2789 was ever given to the plaintiff. The defendants' motion to dismiss for lack of personal jurisdiction is denied.
SYLVESTER, J.