[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO DISMISS — #108 MOTION TO CITE INADDITIONAL PARTY DEFENDANT — #110
By complaint filed November 22, 1994, the plaintiff, Shawmut Bank Connecticut, N.A., instituted this foreclosure action against the defendant, Gregory M. Cook ("Cook"). Federal Deposit CT Page 1430-J Insurance Corporation, as receiver for Burritt Interfinancial Bancorporation, and Marian Miner Cook, who have also been named as defendants in this action, may, according to the complaint, claim interests subsequent and subordinate to the plaintiff's claim.
Cook has filed a motion to dismiss the plaintiff's complaint, and a memorandum of law in support thereof, on the ground that the court lacks personal jurisdiction over him as a result of insufficiency of service of process. Cook maintains that, because the plaintiff improperly served him by abode service at 10 Benson Lane, Essex, CT., which is not his usual place of abode, the present action must be dismissed as to him.
In response, the plaintiff has filed a motion to cite in additional party defendant, and a memorandum of law in support thereof, as well as a memorandum in opposition to Cook's motion to dismiss. Relying on White-Bowman Plumbing and Heating, Inc. v.Biafore, 182 Conn. 14 (1980), the plaintiff argues that Cook's filing of a motion to dismiss does not deprive the court of its ability to take additional procedural steps which are necessary CT Page 1430-K to adjudicate Cook's interest in the subject property. In this regard, the plaintiff argues that, regardless of whether Cook was properly served by means of abode service pursuant to General Statutes § 52-54, the plaintiff can now obtain jurisdiction over Cook as a non-resident owner of the equity in redemption pursuant to General Statutes § 52-59b(a)(4).
The motion to dismiss, which is used to test whether the court lacks jurisdiction; Upson v. State, 190 Conn. 622, 624
(1983); is the proper way to assert insufficiency of service of process. Bridgeport v. Debek, 210 Conn. 175, 179-80 (1989). Pursuant to General Statutes § 52-57(a), process in a civil action may be served by leaving an attested copy of it at the defendant's usual place of abode in this state. Abode service both confers jurisdiction and gives notice. Smith v. Smith,150 Conn. 15, 20 (1962). Where it is undisputed that process was left at a place other than the defendant's usual place of abode, "the court must find that there was no service of process and that it acquired no jurisdiction over the person of the defendant which . . . would authorize it to render a valid judgment against him." Phan v. Delgado, 41 Conn. Sup. 367, 370 (1990, Hammer, J.). CT Page 1430-L
"The chief purpose of the statutory requirement that service of civil process be made at the defendant's usual place of abode `is to ensure actual notice to the defendant that the action is pending.'" Phan v. Delgado, supra, 41 Conn. Sup. 369, quotingClover v. Urban, 108 Conn. 13, 16 (1928). See also Smith v.Smith, supra, 150 Conn. 20; Clegg v. Bishop, 105 Conn. 564, 569
(1926). Thus, where the defendant has received actual notice of the action against him, the statutory provisions for substituted service should be liberally construed by the court." Grayson v.Wofsey Rosen Kweskin Kuriansky, 40 Conn. Sup. 1, 3 (1984, Jacobson, J.); Plonski v. Halloran, 36 Conn. Sup. 335, 337
(Super.Ct. 1980).
The sheriff's return[1] is "prima facie evidence of the facts stated therein . . . ." Phan v. Delgado, supra, 41 Conn. Sup. 370. See also Hartley v. Vitiello, 113 Conn. 74, 79 (1931). Where the sheriff's return shows abode service in Connecticut, the burden rests on the defendant to prove insufficiency of service of process. Boyd v. Payne, 5 CSCR 279, 279 (April 10, 1990, Purtill, J.). That is, the defendant bears the burden of CT Page 1430-M proving that service was not made at his usual place of abode. See Standard Tallow Corp. v. Jowdy, 190 Conn. 48, 53-54 (1983).
Where a motion to dismiss "is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint." Barde v. Board of Trustees, 207 Conn. 59, 62
(1988). Affidavits, however, are insufficient to determine the facts unless they disclose that no genuine issue as to a material fact exists. Standard Tallow Corp. v. Jowdy, supra, 190 Conn. 56. Where the facts alleged in the affidavits presented disclose that no genuine issue as to a material fact exists, the motion is to be granted. Id. Where the facts are not clear on the record, [however], the burden is on the movant to prove the facts necessary to be alleged, and failure to put on such evidence requires the court to deny the motion. Schumann v. Sylvester,
Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 385417 (May 14, 1991, Corrigan, J.), citingCarpenter v. Planning Zoning Commission, 176 Conn. 581, 588-89
(1979). CT Page 1430-N
 Usual place of abode has been defined as the place where [the defendant] is living at the time of service; the place where the defendant would most likely have knowledge of service of process; a defendant's residence; the place in which a married man's family resides . . . and where he has voluntarily resided with them, as his home, and which he has never abandoned, . . . unless such residence has been, and was intended to be, temporary and for transient purposes.
(Citations omitted; internal quotation marks omitted.) Gondek v.Haugwitz-Reventlow, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 387870 (June 18, 1991, Wagner, J.). "The place of abode must be `usual'. . .; [t]hus, "the duration of past or contemplated future occupation is a significant factor." Id., citing 1 Stephenson, Conn. Civ. Proc. (2d Ed.) 24, p. 78.
"A usual place of abode does not mean domicile." Gondek v.Haugwitz-Reventlow, supra, citing Clegg v. Bishop, supra, CT Page 1430-O105 Conn. 570. Thus, a person "may have two or more places of residence within a State, or in two or more States, and each may be a `usual place of abode.'" Gondek v. Haugwitz-Reventlow,
Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 387870 (June 18, 1991, Wagner, J.), citingClegg v. Bishop, supra, 105 Conn. 570. Further, part-time residency is sufficient for service of process. Capitol Light Supply Co. v. Gunning Electric Co., 24 Conn. Sup. 324, 32627 (Super.Ct. 1963). Where a defendant simultaneously has two or more usual places of abode, he may lawfully be served with process at any one of them. Clegg v. Bishop, supra,105 Conn. 569-70.
"In the final analysis, the determination of one's usual place of abode is a question of fact and the court may consider various circumstances. Plonski v. Halloran, supra, 36 Conn. Sup. 336. In support of his motion to dismiss, the defendant has submitted an affidavit attesting that he: is legally domiciled in and is a legal resident of the state of Hawaii; has a Hawaii driver's license; pays Hawaii income tax; is registered to vote in Hawaii and has his personal mailings, including personal bills and bank statements, delivered to him in Hawaii. However, in this CT Page 1430-P same affidavit, the defendant concedes that he is the owner of the premises located at 10 Benson Lane, Essex, CT., and that these premises are "used primarily by [him] as a secondary home when [he is] in residence in the State of Connecticut." Additionally, although the defendant attests that he left Connecticut in October, 1994, he concedes that he "was in residence in 10 Benson Lane during most of the summer [of 1994]." Finally, although the defendant attests that he has not returned to Connecticut since leaving in October, 1994, he does not allege that he has no plans to return to his home in Essex in the future.
As noted earlier, a defendant can have more than one residence and, therefore, more than one "usual place of abode." Based on the affidavit submitted by the defendant himself, the court finds that the defendant has failed to carry his burden of establishing that the premises at 10 Benson Lane do not constitute a usual place of abode, because, therein, the defendant asserts that said premises are used by him "as a secondary home when he is in residence in the State of Connecticut." See Bailey v. Mansour, Superior Court, judicial CT Page 1430-Q district of Hartford-New Britain, at Hartford, Docket No. 398360 (October 16, 1991, Schaller, J.) (abode service at defendant's Connecticut home proper, even though defendant claimed that he was a resident of Massachusetts at the time of service, because a defendant can have more than one residence and, therefore, more than one "usual place of abode"; further, defendant only argued that he "principally," rather than exclusively, lived in Massachusetts).
In the present case, moreover, the defendant concedes that he received actual notice of the plaintiff's action. In light of the above, the defendant's motion to dismiss for lack of jurisdiction based on insufficiency of process is denied.[2]
JOHN WALSH, J.