[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The defendants Charles York, Steven Salvatore and the State have moved to dismiss this matter. The grounds asserted are (1) that the court lacks personal jurisdiction over the defendants York and Salvatore (2) the claims are barred by the tort statute of limitations and (3) the suit against the state is barred by sovereign immunity.
(1)
The defendants York and Salvatore are state troopers. The sheriff's return indicates that a copy of the summons and complaint for these two defendants was left with a Trooper on duty in Hartford at 100 Washington Avenue. Both defendants have submitted affidavits saying they did not authorize anyone to accept service of process on their behalf, in their individual capacity, in this matter. They also each aver that no one served them in hand or at their home.
At oral argument counsel for the defendants mentioned a policy set forth in the State Department of Public Safety administration and Operations Manual regarding service of process. A copy of the relevant manual has been submitted to the court along with a certificate of authenticity.
The defendants point out that abode service or personal service is required to commence a civil action in our state. The statute has been held to mean exactly what it says so that service CT Page 10724 was held to be improper where process was not served on the defendant personally or left in his hotel room but left with the clerk of the hotel, U.S. Guarantee v. Giarelli, 14 Conn. Sup. 400
(1947). There is no substitute for the two types of service referred to in the statute, White Bowman Plumbing Heating v.Biafore, 182 Conn. 14, 16-17 (1980). Also "unless service is made as the statute prescribes, the court to which it is returnable does not acquire jurisdiction," Hyde v. Richard, 145 Conn. 24, 25
(1958). On the face of it the defendants would be entitled to claim there is no jurisdiction over their person because service was defective.
In examining the manual, however, some problems seem to be raised. Counsel for the attorney general's office is to be commended for bringing all the provisions of the manual to the court's attention. Section 8.3.1(a) says:
 "a. Legal process shall normally be served at headquarters. Service of any process issued in regard to civil or criminal action concerning the Department of Public Safety or any employee shall be accepted at the front desk of headquarters during normal business hours.
Upon receiving the process the desk officer shall "log" certain information then after so doing "shall take whatever action is necessary to complete service of process."
Subsection b however is worded differently. It says:
 "b. Accepting Process at other locations
(1) Process directed to an employee. Generally, members of the department may only accept service of process on their own behalf only and not as agents of the department.
 (a) Members of the department may not accept service of process on behalf of anyone else in any capacity, unless specific prior approval from the Attorney General is obtained.
Section 8.3.1(a) seems to indicate that process in a civil action can be left at headquarters even when that process concerns an employee of the department. The prohibition against one CT Page 10725 department member receiving process for another seems by subsection (b) to be limited to situations where process is attempted to be served "at other locations" — i.e. not headquarters. All of this is somewhat confusing. Troop H is located at 100 Washington Avenue and it is my understanding that that location is or was State Police Headquarters. The Sheriff's return indicates the Trooper he left the process with in July of 1994 was "authorized to accept service" for these defendants. The pro se defendant in an unsworn document indicates that in May of 1995 he called the headquarters at its "new" location in Middletown and was told service on an officer could be effected at the headquarters. If 100 Washington Avenue was headquarters in 1994 this would comport with the manual.
This doesn't solve the problem because how can verbiage in a manual deprive individual officers of their right to claim lack of personal jurisdiction? But the manual is described as an "administration and operations" manual. Query are state police employees aware of the contents of this manual? If so should they be estopped from raising the defective service argument they raise here? I cannot resolve the claim being made here on the present state of the record. The defendants are entitled to an evidentiary hearing if they wish to pursue this aspect of the motion to dismiss.
(2)
Statute of limitations claims can be raised on the face of the pleadings in appropriate circumstances but the proper vehicle is a motion to strike not a motion to dismiss which raises jurisdictional questions. I suppose I could treat the motion as a motion to strike but the pro se defendant would have been alerted to file a brief addressing this issue if it had been originally so denominated. He only made a passing reference to this issue in the legal papers received before argument so it would not be fair under the circumstances to treat this matter as a motion to strike. It should be noted that the plaintiff did, I believe, mail material to the court after argument, but I did not examine it closely because it appeared to be ex parte.
(3)
The state and these officers move to dismiss this suit based on the doctrine of sovereign immunity. The state cannot be sued without its consent and since the state can only act through its officers or agents, a suit against a state officer is also CT Page 10726 considered an action against the statute, Horton v. Meskill,172 Conn. 615, 623 (1977). Sovereign immunity does not bar suits against state officials and thus the state where it is alleged the officials acted in excess of their statutory authority or pursuant to an unconstitutional statute, Krozser v. New Haven, 212 Conn. 415,421 (1989). Also the state cannot rely on the doctrine of sovereign immunity when the acts complained of are unconstitutional. Horton v. Meskill, 172 Conn. at page 624.
Here the defendants have filed a motion to dismiss based on the allegations of the complaint. When: the motion to dismiss doesn't seek to introduce facts outside the record it admits all well-pleaded facts and the complaint is construed in a manner that is most favorable to the plaintiff, Duguay v. Hopkins, 191 Conn. 222,227 (1983), Simeone v. Federal Press Co., 40 Conn. Sup. 173
(1984).
The appropriate test to be applied is set forth in Horak v.State, 171 Conn. 257 1197b) at pages 261 and 262:
 "The complaint, to survive the defense of sovereign immunity, must allege sufficient facts to support of a taking of (property) in a constitutional sense".
 (Where) "the complaint is insufficient to establish an unconstitutional taking . . . the doctrine of sovereign immunity is a sufficient bar to the jurisdiction of the court."
This complaint then must be examined to determine whether under the principles laid down in Horton v. Meskill supra it is sufficiently alleged that these defendants acted in an unconstitutional manner, pursuant to an unconstitutional statute or in excess of statutory authority.
This complaint as it applies to the defendant troopers makes a series of allegations that Trooper York failed to take certain investigatory steps or discover certain evidence. There are blanket allegations that the trooper "wrongfully" issued an infraction to the plaintiff for allowing a dog to roam and accused the Lebrun of planting blood on a neighbor's property. The trooper also failed to agree to take a lie detector test. Troop Salvatore refused to tell the plaintiff's investigator his hair was being cut by the complaining neighbor and failed to tell York he didn't find CT Page 10727 evidence of blood in the road where "the bicycles were found".
Many of the separate allegations are not clearly related to each other let alone to any recognizable claim of unconstitutional activity by either officer and therefore the state. The court will grant the motion to dismiss. At the most there is an allegation of inadequate police investigation. There is not even an explicit claim of a constitutional violation.
The defendants' motion to dismiss is granted.
Thomas Corradino, Judge