[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS #101
The plaintiff, Mitchell Jakubowski, has brought this action against the defendants, Bruce Wilcox and Marilyn Wilcox, seeking equitable relief from the defendants' alleged interference with a right of way the plaintiff claims over property of the defendants. The defendants have now moved to dismiss the complaint on the grounds that the court has no personal jurisdiction over Marilyn Wilcox as a result of improper service and that the court lacks jurisdiction over Bruce Wilcox as that defendant died prior to the commencement of the present action.
I. Jurisdiction as to Marilyn Wilcox
The motion to dismiss, which is used to test whether the court lacks jurisdiction; Upson v. State, 190 Conn. 622, 624,469 A.2d 1181 (1983); is the proper way to assert insufficiency of service of process. Bridgeport v. Debek, 210 Conn. 175, 179-80,554 A.2d 728 (1989).
The plaintiff served both defendants by leaving a summons and complaint at the defendants' property in Oakdale, CT. The defendants argue that such service was improper due to the fact that the Oakdale property is not the usual abode of Marilyn Wilcox. In support of this assertion, the defendant Marilyn Wilcox has filed an affidavit attesting that she is a New York State resident who votes in New York, pays New York taxes and has a New York license, and furthermore, never resided in Connecticut. As the Connecticut property is but a summer cottage, the defendants argue that proper service could have been effectuated only under Connecticut's longarm statute, General CT Page 14199 Statutes § 52-59b, which does not provide for abode service.
"The sheriff's return is `prima facie evidence of the facts stated therein . . . Shawmut Bank Connecticut v. Cook, Superior Court, judicial district of Middlesex at Middletown, Docket No. 073915 (February 23, 1995) (Walsh, J.), quoting Phan v.Delgado, 41 Conn. Sup. 367, 370, 576 A.2d 603 (1990). "Where the sheriff's return shows abode service in Connecticut, the burden rests on the defendant to prove insufficiency of service of process . . . That is, the defendant bears the burden of proving that service was not made at his usual place of abode . . ." (Citations omitted.) Shawmut Bank Connecticut v. Cook, supra, Superior Court, Docket No. 073915.
"A usual place of abode does not mean domicile." Gondek v.Haugwitz-Reventlow, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 387870, 4 CONN. L. RPTR. 139
(June 18, 1991) (Wagner, J.). "Thus, a person may have two or more places of residence within a State, or in two or more States, and each may be a usual place of abode . . ." (Citations omitted; internal quotations marks omitted.) Shawmut Bank Connecticut v. Cook,supra, Superior Court, Docket No. 073915. Further, part-time residency is sufficient for process. Capitol Light Supply Co.v. Gunning Electric Co., 24 Conn. Sup. 324, 326-28, 190 A.2d 495
(1963). Where a defendant simultaneously has two or more usual places of abode, he may lawfully be served with process at any one of them. Clegg v. Bishop, 105 Conn. 564, 569-70, 136 A. 102
(1927).
"In the final analysis, the determination of one's usual place of abode is a question of fact and the court may consider various circumstances." Plonski v. Halloran, 36 Conn. Sup. 335,336, 420 A.2d 117 (1980). In the present case, Marilyn Wilcox has attested that she resides in New York, pays taxes in New York, has a New York license, and votes there. Moreover, she has attested that she has never resided in Connecticut, and that the summer cottage which she inherited from her deceased husband had been in her husband's family for "many years." Though Marilyn Wilcox admits that she eventually did receive notice of the lawsuit, she attests that she did so only because her son found the summons and complaint while vacationing at the Connecticut property.
While the affidavit of Marilyn Wilcox suggests that abode service may have been improper, the affidavit, nonetheless, is CT Page 14200 silent as to whether Marilyn Wilcox had actually ever used the cottage while on vacation. Where the defendant receives actual notice as to the initiation of a suit, the court must construe abode service in a liberal manner. See Plonski v. Halloran,supra, 36 Conn. Sup. 337. Several superior courts, accordingly, have found abode service proper in instances where the defendant's stay at the abode was of a temporary nature. SeeShawmut Bank Connecticut v. Cook, supra, Superior Court, Docket No. 073915 (though the defendant was in Hawaii at the time of abode service at a Connecticut home, service was proper because the Connecticut home was a secondary home when the defendant was present in Connecticut); Bailey v. Mansour, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 393360 (October 16, 1991) (Schaller, J.) (defendant only argued that he "principally" rather than "exclusively" resided in Massachusetts).
In the present case, the court finds that Marilyn Wilcox has not carried her burden of proving insufficient service by the plaintiff. The court, accordingly, finds that abode service on the defendant was proper. The defendants' motion to dismiss the complaint is, therefore, denied.
II. Jurisdiction over Bruce Wilcox
The defendants argue that the court lacks jurisdiction over Bruce Wilcox because that defendant was deceased when service was attempted on him. The plaintiff argues that the land records he relied on failed to indicate that Bruce Wilcox had passed away and thus the remaining defendants should not profit from their failure to amend the land records to reflect Bruce Wilcox's death.
The court has no jurisdiction over a lawsuit by or against a decedent. O'Leary v. Waterbury Title Co., 117 Conn. 39, 47,166 A. 673 (1933). Courts have used this well-settled principle in finding that an action begun and "prosecuted against a defendant who is dead when it was begun, is null and void and may be attacked collaterally as well as directly." Castelhano v.Baldwin, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 469194 (November 24, 1995) (Fineberg, J.). "[S]ervice on a dead man deprives the court of jurisdiction to pronounce any decision on the merits, no matter how sensible that decision may be." Noble v. Corkin, Superior Court, judicial district of New Haven at New Haven, Docket No. CT Page 14201 392737, 21 CONN. L. RPTR. 547 (March 20, 1998) (Blue, J.); see alsoWilliams v. Marcher, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 346212, 21 CONN. L. RPTR. 303 (January 26, 1998) (Skolnick, J.); Brown v. Novick, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 150483, 17 CONN. L. RPTR. 564 (October 8, 1996) (Ryan, J.).
At least one Superior Court, however, has found that service on a deceased individual does not deprive the court of jurisdiction in every situation. In Federal National MortgageAssociation v. Costa, Superior Court, judicial district of Waterbury, Docket No. 129150, 16 CONN. L. RPTR. 586 (May 17, 1996) (Kulawiz, J.), aff'd 43 Conn. App. 914, 684 A.2d 283
(1996), the court held that the traditional notion of fairness prohibited one defendant from seeking to dismiss an action on the grounds that a deceased defendant was served as well. InCosta, the court reasoned that since the plaintiff was never made aware of the decedent's death, the defendant, who assumed the liability of the decedent on a mortgage note, should not be allowed to take advantage of the decedent's death because the defendant herself was properly served and had notice of the impending action. Id.
The court is confronted with a similar factual basis in the present case. According to the affidavit of the plaintiff, the defendant, like the defendant in Costa, has not put notice of the decedent's death in the chain of title to the property. The defendant Marilyn Wilcox, who inherited the property upon her husband's death, has been served and is aware of the action. The court, therefore, finds that the inclusion of the deceased defendant in the suit does not prejudice the defendant in a harmful manner. The motion to dismiss, accordingly, is denied.
Mihalakos, J.