[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS
The defendant, Sheryl Kayne, moves to dismiss this action for insufficiency of service of process because the plaintiff, CT Page 5939 Laviano Law Offices, improperly left a copy of the writ, summons and complaint at a location in which she has not resided in since September, 1997. The plaintiff, the defendant's former attorney, is suing to recover money owed under the retainer agreement and from work performed for the defendant. Prior to the commencement of this action, the parties tried to resolve their conflict filed suit. The Fairfield County Deputy Sheriff, James Sullivan, attested to serving the defendant at her abode by leaving a copy of the writ, summons and complaint at 242 Weston Road, Weston, Connecticut, on January 14, 1999.
The defendant contends that proper service should have been made at her current residence, 27 Narrows Rock Road, Westport, Connecticut, and that the plaintiff was fully aware of her address, having testified in his presence at a Grievance Committee hearing in October, 1998. Moreover, she asserts that her Westport address is easily found in the Westport/Weston phone directory. In her sworn affidavit, the defendant explains that she moved from Weston on September 30, 1997, after her daughter graduated from high school. Therefore, she argues, the plaintiff's complaint should be dismissed.
The plaintiff, in response, contends that as a procedural matter, the motion to dismiss should be denied because the defendant failed to file a memorandum of law along with her motion to dismiss, but he does not cite any case law in support. He also argues that after several attempts of service at the defendant's Westport residence, she finally gets "inadvertent" notice of the lawsuit when service is made at her former Weston residence. The defendant claims she "inadvertently" learned of the attempted service, which the plaintiff asserts is sufficient to overcome a motion to dismiss.
"A motion to dismiss admits all facts well pleaded and invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts. . . . A ruling on a motion to dismiss is neither a ruling on the merits of the action . . . nor a test of whether the complaint states a cause of action . . . Motions to dismiss are granted solely on jurisdiction grounds." (Citations omitted; internal quotation marks omitted.) Malasky v. Metal Products Corporation,44 Conn. App. 446, 451-52, 689 A.2d 1145, cert. denied, 241 Conn. 906,695 A.2d 539 (1997). "The motion to dismiss shall be used to assert . . . insufficiency of service of process. . . ." Practice Book § 143, now Practice Book (1998 Rev.) § 10-31. CT Page 5940
The Appellate Court has held that it is their policy "to allow great latitude to a litigant who, either by choice or necessity, represents himself in legal proceedings, so far as such latitude is consistent with the just rights of any adverse party." (Internal quotation marks omitted.) Mozzochi v. Freedomof Information Commission, 44 Conn. App. 463, 464-65,688 A.2d 363, cert. denied, 241 Conn. 919, 696 A.2d 986 (1997). The motion to dismiss of the defendant, who is appearing pro se, includes a history of the case, facts of the motion including a citation to the Practice Book, a sworn affidavit and supporting documentation. Though the defendant did not attach a separate memorandum of law in support of her motion, her arguments and reference to the Practice Book on page seven of her motion sufficiently comply with Connecticut's procedural requirements.
Section 52-57 (a) of the Connecticut General Statutes provides that "process in any civil action shall be served by leaving a true and attested copy of it, including the declaration or complaint, with the defendant, or at his usual place of abode, in this state." As a result, "[u]nless service of process is made as the statute prescribes, the court to which it is returnable does not acquire jurisdiction." Board of Education v. Local 1282,31 Conn. App. 629, 632, 626 A.2d 1314, cert. granted,227 Conn. 909 (1993); Hyde v. Richard, 145 Conn. 24, 25, 138 A.2d 527
(1958). In the present case, this court must decide whether the plaintiff, by attempting to leave a copy of the complaint at the defendant's abode, properly served the defendant in accordance with the statute in order to maintain jurisdiction.
"It is clear that one's `usual place of abode' is in the place where he would most likely have knowledge of service of process. . . . [It] is generally considered to be the place where the person is living at the time of service." Plonski v.Halloran, 36 Conn. Sup. 335, 335-36, 420 A.2d 117 (1980). However, "[w]here an officer attests that the place where the summons was served was the defendants' usual place. of abode, he is attesting to a fact which, unlike the fact of personal or in-hand service, is ordinarily not within his own personal knowledge." Uyen Phan v. Delgado, 41 Conn. Sup. 367, 370,576 A.2d 603 (1990). Therefore, since "determination of one's usual place of abode is a question of fact . . . [t]he . . . sheriff's return . . . may be contradicted . . . by facts shown to be CT Page 5941 otherwise." Plonski v. Halloran, supra, 36 Conn. Sup. 336. Moreover, "[w]here there is undisputed evidence that the officer mistakenly left the process at a place other than the defendants' place of abode, the court must find that there was no service of process and that it `acquired no jurisdiction over the person of the defendant . . . which would authorize it to render a valid judgment against him.'" Uyen Phan v. Delgado, supra,41 Conn. Sup. 370, quoting, Buckingham v. Osborne, 44 Conn. 133, 140-41
(1876).
In the present case, the defendant has submitted a sworn affidavit averring that she currently lives in Westport and was living there at the time the summons was served at her old Weston address. The plaintiff has not submitted an affidavit or any evidence to challenge this assertion and therefore it is deemed undisputed. As a result, the defendant was improperly served with the summons and complaint, denying the court jurisdiction to hear this matter.
The motion to dismiss is, accordingly, granted.
Stodolink, J.