[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS
This is a personal injury action brought by the minor plaintiff, Brie Gallman, against the defendant, Frank D'Amore ("D'Amore") alleging lead paint poisoning due to exposure to lead paint at property owned by D'Amore at 135 Brownell Street, New Haven. D'Amore has filed a Complaint Seeking Apportionment against Apportionment Defendants Frank Viniczay and Tibor Viniczay alleging that Brie Gallman's injuries resulted from lead paint exposure while she was at property owned by the Viniczays at 52 Beers Street, New Haven.
Frank and Tibor Viniczay have moved to dismiss the Apportionment Complaint claiming that defective service deprives the court of personal jurisdiction over them. The sheriffs return on the Apportionment Complaint states that service was made at Frank Viniczay's usual place of abode at 325 Forest Road, Milford, Connecticut and at Tibor Viniczay's usual place of abode at the same address. The sheriffs return further states that: "address verified with defendant's mother." Both Frank and Tibor Viniczay have filed affidavits attesting to the fact that neither resides at 325 Forest Road, Milford, Connecticut. In addition, Eva Viniczay, mother of Frank and Tibor, has filed two affidavits. One attesting to the fact that she lives at 325 Forest Road, Milford, Connecticut but Frank and Tibor do not; and a second affidavit denying that she verified to the sheriff that 325 Forest Road was the residence of Frank or Tibor. Based on these affidavits, Frank and Tibor Viniczay assert that service of process on the Apportionment Complaint was left at a place other than their usual place of abode and, as a result, the court has acquired no jurisdiction over their persons.
D'Amore raises two objections to the motion to dismiss. CT Page 10874 First, he asserts that the deed on file in the New Haven land record for 52 Beers Street states the address of Frank Viniczay and Tibor Viniczay as 325 Forest Road, Milford. D'Amore claims that this establishes their abode at that address. Second, D'Amore argues that the phrase "usual place of abode" means the place where a defendant would most likely have knowledge of service of process. D'Amore further asserts that since the Viniczays acquired actual knowledge of the lawsuit based on the service at 325 Forest Road, Milford, the service should be deemed effective and the motion denied.
 DISCUSSION
Connecticut General Statutes section 52-54 provides in part:
 The service of a writ of summons shall be made by the officer reading it and the complaint accompanying it in the hearing of the defendant or by leaving an attested copy thereof with him or at his usual place of abode. (Emphasis added)
"Usual place of abode" connotes a place of residence within the state. Stephensons Connecticut Civil Procedure, Third Edition § 19. It is the place where the person is living at the time of the service. Grant v. Dalliber, 11 Conn. 234, 238 (1836). Service at the home of a defendant's parent is not considered abode service where the defendant no longer resides there. Cox v.Quigley, 141 F.R.D. 222, 224-226 (D.Me. 1992). D'Amore's assertion that "usual place of abode" means the place where a defendant would most likely have knowledge of service of process overstates the meaning of the phrase. The case cited in support of this proposition, Plonski v. Halloran, 36 Conn. Sup. 335
(1980), goes on to affirmatively state the well settled rule in Connecticut that "the usual place of abode is generally considered to be the place where the person is living at the time of service." Id. 336. Moreover, D'Amore has cited no authority to support his claim that an address listed in the land records is conclusive evidence of a person's abode.
The sheriff's return stating that the abode of Frank and Tibor Viniczay was 325 Forest Road, Milford is prima facie evidence of the truth of that fact. Hartley v. Vitiello,113 Conn. 74, 79 (1931). The sheriffs return may, however, be contradicted by other facts. Cugno v. Kaelin, 138 Conn. 341, 343
(1951). CT Page 10875
Based on the affidavits described above, the court finds that, at the time of the service of the Apportionment Complaint, neither Frank nor Tibor Viniczay resided at 325 Forest Road, Milford. Thus the service of process was at a place other than their usual place of abode. As a result, the court must find that the service of process was a nullity and no jurisdiction was acquired against either defendant that would authorize the court to render a valid judgment against either of them. Phan v.Delgado, 41 Conn. Sup. 367, 370 (Conn.Super.Ct. 1990).
Based on the lack of personal jurisdiction as to either Apportionment Defendant, the motion to dismiss is granted.
So Ordered at New Haven, Connecticut this 6 day of August, 1999.
Devlin, J.