[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON DEFENDANT'S MOTION TO DISMISS
This is a summary process action in which the plaintiff, 57 Pratt LLC, seeks to recover possession of commercial space consisting of five suites occupied by the defendant on the eighth floor of 57 Pratt Street in Hartford, Connecticut. A copy of the plaintiff's Notice to Quit dated CT Page 6817 January 10, 2000, was left by a deputy sheriff "partially" under the door of each suite, Suites 807, 808, 809, 810 and 811, and "partially" in the common hallway of the eighth floor of 57 Pratt Street.
The defendant moves to dismiss the summary process complaint brought against him on the ground that the plaintiff failed properly to serve the requisite notice to quit upon the defendant. The defendant argues that, because service in a common hallway is inadequate, the placement of copies of the notice to quit partially under the door to each suite was inadequate as a matter of law, and deprives the court of subject matter jurisdiction. The plaintiff argues, in opposition, that the service of the notice to quit met the statutory requirements for service at commercial premises and was, therefore, sufficient. delivered to each lessee or occupant . . . or, if the rental agreement or lease concerns commercial property, at the place of the commercial establishment by a proper officer or indifferent person." A valid Notice to Quit is a "condition precedent" to a summary process action. See O'Keefe v.Atlantic Refining Co., 132 Conn. 613, 622 (1946).
"Although there is some authority to the effect that service of a notice to quit is governed by standards less rigorous than those governing service of process in general . . . the greater weight of authority suggests that the standards are identical. . . ." (Citations omitted.) Tsukroff v. Fordham, Superior Court, Docket No. SPH-87791 (September 13, 1996, Beach, J.) (18 Conn.L.Rptr. 91, 92). "[T]he fact that the defendant received actual notice of [an] action weighs heavily in favor of the plaintiff; the defendant cannot be heard to say that he was prejudiced in any manner whatsoever. As an exception to the general rule requiring strict construction of statutes in derogation of the common law, it has been held that provisions for substituted service should be liberally construed in those cases in which the defendant received actual notice. Annot., 32 A.L.R.3d 112, 124-25." Plonski v.Halloran, 36 Conn. Sup. 335, 337, 420 A.2d 117 (1980).
The Superior Court has held that, where a writ was placed halfway under the door to the defendants' apartment in a place where the defendants often received mail, "the writ was left at the usual place of abode of the defendants in such a manner that it was reasonably probable that the defendants would receive notice of the action against them. The requirements of § 52-57 for service of process at the usual place of abode of the defendants have been fulfilled." Pozzi v. Harney,24 Conn. Sup. 488, 491-92, 194 A.2d 714 (1963).
The cases cited by the defendant for the proposition that service in a hallway is inadequate do not involve service under an appropriate door. See Clover v. Urban, 108 Conn. 13, 17, 142 A.2d 389 (1928) (holding that CT Page 6818 placement of writ in the common hallway of an apartment house is inadequate); Harmel Realty v. LeJeune, Superior Court, judicial district of Hartford-New Britain at Hartford, Housing Session, Docket No. SPH-8603-32495 (May 27, 1986, Goldstein, J.) (H-750) (same); Owens v.Palmer, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. SP-H-8303-18463-HD (May 12, 1983, Maloney, J.) (H-402) (holding service by attaching to exterior doorknob inadequate). Notice has been deemed sufficient in cases where plaintiffs slipped notice under doors, rather than simply leaving them in common areas. SeePlonski v. Halloran, supra, 36 Conn. Sup. 335; Guckin v. Gregory,10 Conn. Sup. 365 (1942) (holding that service was adequate where writ and complaint were slid under the defendant's locked front door); Saimondv. Nixon, Superior Court, judicial district of Hartford-New Britain, Housing Session, Docket No. SP-88012 (September 13, 1996, Beach, J.) (18 Conn.L.Rptr. 76) (noting that notice to quit placed under door "accomplished . . . ordinary abode service"); Riverdale Associates v.Fehrs, Superior Court, judicial district of New Haven, Housing Session, Docket No. CVNH-7173-A (April 1, 1996, Jones, J.) ("Leaving the documents under the door . . . is a valid manner of providing abode service.").
In this case, at least some, if not all, of the copies of the notice to quit have been adequately served having been placed more than halfway under each door; see Pozzi v. Harney, 24 Conn. Sup. 491-92; (see also Defendant's Exhibits A1 through A6). Service then was adequate as to all suites because each copy of the notice listed all five suites, and the parties had a single lease agreement for all five suites. (See Complaint, Exhibits A and C). Actual notice "weighs heavily in favor of the plaintiff". Plonski v. Halloran, supra, 36 Conn. Sup. 335.
The defendant's motion to dismiss is denied.
Tanzer, J.