[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ARTICULATION
The court agrees that 30 days from the granting of the continuance for "Extension of Time to Plead," i.e., file a responsive pleading to the complaint on February 11, 2002, makes the motion to dismiss filed February 28, 2002 timely. This was not made clear in prior briefs.
However, the court must agree with the plaintiff that the defendant was served, at his usual place of abode in accordance with Connecticut General Statutes § 52-57. "Usual place of abode" has been defined as the place where he would most likely have knowledge of service of process. Plonski v. Halloran, 36 Conn. Sup. 335 (1980). Also, in CapitalLight Supply Co. v. Gunning Electric Co., 24 Conn. Sup. 334 (1963), the defendant was served at his parents' home, even though at the time of service he was out of state seeking employment. The court concluded that service was valid as the established residence of his parents was the most notorious place of abode.
In this case, the summons indicated that the defendant's address was 314 Laurel Hill Avenue, Norwich, Connecticut. This is the address that appeared on the police report. This is the address where service was made. The defendant moved from this address one month before service was made. The defendant moved from a residence where he lived for two years. The plaintiff need make only a reasonable effort to effect service. Moreover, the defendant had actual notice of the action. An attorney appeared within two months of the return date before any default was rendered against him. He has suffered no prejudice and has filed various pleadings. CT Page 10487
The motion to dismiss was properly denied on June 17, 2002.
D. Michael Hurley